1843.<br>MURPHY<br>v.<br>HARVEY.

---

MURPHY *et al. v.* HARVEY and others.

Testator bequeathed to his brothers, J. and M. and sister M. and their children all his estate, "and in case of the death of either of them, to their heirs, to be equally divided among them who shall survive and the children and heirs of the deceased." They all (J. and M. and M. the sister) died before the testator. Both the brothers and sister left children, while one of the sons of the sister had died also leaving children. Held, that these children (the sister's grand-children) were to be let in and took *per capita.*

Tho word *children* is not to be converted into a word of limitation, except under a necessity in order to carry out a testator's intention.

The words *to be equally divided,* when applied to a gift to several persons of different degrees of consanguinity to the testator, supersede the manner of distribution by the statute.

---

BILL filed for a construction of the will of Peter Murphy, late of the city of New York, gentleman, deceased; and for

*Will.*<br>*Per capita.*<br>*Words*<br>"Children"<br>*and* "to be equally divided."

a distribution of personal property under it.    There was but one bequest in the will, which ran in these words :  " *Impri-mis.*   I give and bequeath unto my brothers, James and Michael Murphy and sister Margaret and their children, all my estate, real and personal, as well in law as in equity, in possession, remainder or reversion ; and in case of the death of either of them, to their heirs to be equally divided among them who shall survive and the children and heirs of the deceased."

The brothers and sister, Margaret, James and Michael, died before the testator.

Margaret, prior to her death, had married one John Lawler, who was also dead ; but they had five children, namely, Mary, Elizabeth, Thomas, Peter and Michael, the said last mentioned Michael having died and left five children ; and the main question for the court was, as to whether these children (grand-children to the testator) took and to what extent.

James and Michael Murphy, the brothers of the testator, left several children who were named and made parties.

Mr. *Robert Emmet* and Mr. *A. L. Robertson,* appeared for different parties.

The Vice-Chancellor :—"Equality is equity."   Under the will, the two brothers and sisters of the testator, had they survived him, and their children living at his death, would have taken in equal shares *per capita ;* all faring alike in the division and distribution of the property : the word *children,* as used in this will, being a word of purchase constituting all who answer the description devisees or legatees in their own right.   " Children" is naturally a word of purchase and is not to be construed or converted into a word of limitation, except from necessity in order to carry out the intention of the testator in giving effect to the will : *Buffar* v. *Bradford,* 2 Atk. 291 ; 1 Roper on Leg. 70.

The brothers and sister of the testator having died before him, an event provided for by the will, the children surviving became legatees.   The words " and in case of the death of either of them, to their heirs to be equally divided among

1843.

MURPHY
v.
HARVEY.

them who shall survive," carries the gift of the whole estate over to the children who have survived their parents, *per capita* and not *per stirpes :* the word heirs, as there used, being of the same meaning as the word children and the further words "and the children and heirs of the deceased" ·forming the concluding part of the same sentence were evidently to include, in the survivorship, the children of any deceased child of a brother or sister and, of course, lets in the four children of Michael Lawler, deceased, the grandchildren of the testator's sister Margaret, to take. Whether they take, also, *per capita* or only the share which would have belonged to their deceased father, Michael Lawler, is somewhat a question. I think, however, in accordance with the rules laid down by Mr. Roper and the cases cited by him, (1 Roper on Leg. 127, 128) that they take *per capita* in their own right and not as representatives of their deceased father, of what would have been merely his share. The controlling words are "to be equally divided." The words, when applied to a gift to several persons of different degrees of consanguinity to the testator, supersede the manner of distribution which the statute of distributions has prescribed. I assume, from the pleadings, that Michael Lawler died before the testator. If the fact be otherwise, that is to say, if he survived the testator, then his four children are not legatees, but the share vested in Michael the father and should be paid over to his legal representatives, namely, to his executor or administrator who should be before the court. There is enough, however, stated in the bill and admitted by the answers to show that Michael Lawler died before the testator. So, with respect to the death of those of the children of the testator's brother James and of his sister Margaret, namely, Thomas Lawler, Peter Lawler and James Murphy, there is enough for what is stated to warrant the presumption of their death and to authorize the making of a decree excluding them.

*Decree,* that the costs of the parties to the suit, excepting John Clements, be, in the first place, paid out of the fund in the hands of the administrators ; and that they, then, distribute and pay over the residue equally to and among the parties named *per capita,* &c.