GEORGE SEABURY and THOMAS L. WING, executors, and ELIZA BREWER, executrix, &c. *vs.* EMILY H. BREWER.

A testator, by his will devised and directed as follows: "I wish my personal and real estate to be appropriated equally to the benefit of my wife Emily, and of my [two] children," (naming them.) *Held* that the persons named took *per capita,* and not *per stirpes,* and therefore each was entitled to one third of the residue of the estate after the dower interest of the widow was satisfied.

THIS is a controversy submitted without action, pursuant to the provisions of section 372 of the Code of Procedure.

James M. Brewer, late of the city of Troy, died on the 5th day of January, 1869, leaving him surviving his widow, the defendant, Emily H. Brewer, his son, Seabury Doane Brewer, and his daughter, Florence Kipp Brewer. He left real and personal property to the amount of about $15,000. He also left a will, of which the following is a copy:

Seabury *v.* Brewer.

"Troy, June 23, 1865.

In case of my death, I hereby constitute and appoint the Rev. Geo. Seabury, of Columbus, Ohio; Thomas L. Wing, of Poughkeepsie, New York, and Eliza Brewer, of Poughkeepsie, New York, my executors, and guardians of my children.

*I wish my personal and real estate to be appropriated equally to the benefit of my wife Emily H. Brewer, and of my children, Seabury Doane Brewer and Florence Kipp Brewer.*

The following insurances are on my life, viz: $5000 in Connecticut Life, for my children; $5000 in Connecticut Life, for my wife; $5000 in Traveler's Life, for my children; $1000 in Widows and Orphans' Life, for my wife.

I wish the guardians of my children to see that they are brought up in the Protestant Episcpal church, or in other words, the Church of England; and I wish them to be taught to despise that curse of our country, abolitionism.

In witness whereof I place may hand seal.

JAMES M. BREWER. [L. S.]

Winesses:

Zena C. Green, Troy, N. Y.  U. S.
R. F. Watson, Troy, N. Y."  $10 stamp, canceled.

The said will was admitted to probate by the surrogate of the county of Rensselaer, on the 20th day of January, 1869, and letters testamentary were on the same day issued to the said George Seabury, Thomas L. Wing and Eliza Brewer, plaintiffs above named, who duly qualified to act as executors and executrix of the said will, and entered upon the discharge of their duties as such.

*E. L. Fursman*, for the plaintiffs.

*J. C. Greene*, for the defendant.

Seabury *v.* Brewer.

*By the Court,* INGALLS, J.   The only question presented
for consideration arises upon the following provision of
said will : " I wish my personal and real estate to be ap-
propriated equally to the benefit of my wife, Emily H.
Brewer, and of my children, Seabury Doane Brewer and
Florence Kipp Brewer." It is contended by the counsel
for the defendant, Emily H. Brewer, that she is entitled,
under the foregoing provision of said will, after her dower
is assigned, to one half of the residue of the property, real
and personal, of her said husband.

The counsel for the plaintiffs, the executors, insist that
the said Emily H. Brewer is only entitled, after the assign-
ment of her dower, to one third of said estate.

We regard the law too well settled to admit of a reason-
able doubt, in regard to the construction which this pro-
vision of said will should receive, in determining the rights
of the respective parties in the division of said estate. It
is very clear that the parties named take *per capita* and
not *per stirpes,* and therefore each is entitled to one third
of the residue of the estate after the dower interest of
the widow, Emily H. Brewer, is satisfied. In *Myres* v.
*Myres,* (23 *How. Pr. Rep.* 410,) Justice Bockes, in a well
reasoned opinion, has fully and satisfactorily discussed this
question. (*See also Collins* v. *Hoxie,* 9 *Paige,* 89 ; *Bunner*
v. *Storm,* 1 *Sandf. Ch.* 358 ; *Murphy* v. *Harvey,* 4 *Edw. Ch.*
131.) There is not an expression contained in the will
which is not in harmony with this construction, or which
indicates that the testator intended to make any other dis-
position of his property.

Judgment should be entered declaring the rights of the
parties in accordance with the foregoing, and pursuant to
sections 372, 373 and 374 of the Code.

[ALBANY GENERAL TERM, March 1, 1869. *Miller, Ingalls* and *Hogeboom,*
Justices.]