GEORGE STEVENSON, Guardian, etc., Appellant, *v.* ALEX-ANDER M. LESLEY et al., Respondents.

The will of L. gave his residuary estate to his executors in these words: "in trust for my grand-children, namely, the children of my son, Alexander M., and the survivors of them, share and share alike, and the children of my daughter, Ellen J. Stevenson, deceased, and the survivors of them, share and share alike, to be paid and conveyed to each of said children respectively, as they each become of age, in equal shares; and, in the meantime, the income shall be applied to the necessary and proper support, maintenance, and education of each of said children, under the care of my said executors."   In an action to obtain a con-

struction of the will, *held*, that the estate vested in the executors as trustees in separate shares and upon separate and several trusts, for the benefit of the grand-children living at the testator's death, the trust as to each share terminating when the beneficiary became of age; that each of the surviving grand-children took a vested remainder in his or her share, expectant upon the termination of the trust at majority; that the devise, therefore, did not suspend the power of alienation beyond the minority of a beneficiary, and was valid; that if any beneficiary should die during minority, his or her share would be liberated from the trust, and would pass absolutely to the heirs and personal representatives of such beneficiary.

Also *held*, that the beneficiaries took *per capita*, not *per stirpes*.

Also *held*, that a child of Alexander, born after the death of the testator, but before the time for the distribution of any part of the *corpus* of the estate, was entitled to a share therein.

The provision of the statute of uses and trusts (1 R. S., 729, § 60), declaring that every valid express trust shall vest the whole estate in the trustees, and that the beneficiaries shall take no estate or interest in the lands, refers only to the trust estate, not to an interest in the lands not embraced in the trust; it does not prevent a valid limitation of a remainder to the beneficiaries of the trust to take effect in possession upon its termination, and to vest in interest at the death of the testator.

(Argued June 21, 1877; decided September 25, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment entered upon a decision of the court on trial at Special Term. (Reported below, 9 Hun, 637).

This action was brought to obtain a judicial construction of the will of George Lesley, deceased. The will, after certain bequests, contained the following residuary clause:

" All the rest, residue of my estate, both real and personal, after paying bequests, I give, grant, devise, and bequeath to Alexander M. Lesley, and Merritt Trimble, both of New York, in trust for my grand-children, namely, the children of my son Alexander M. Lesley, and the survivors of them share and share alike, and the children of my daughter Ellen J. Stevenson, deceased, and the survivors of them share and share alike, to·be paid and conveyed to each of said children, respectively, as they each become of age, in equal shares, and in the meantime the income of my said estate shall be applied to the necessary support, maintenance, and

education of each of said children under the care of said executors."

The said Lesley and Trimble were appointed executors. The testator died in July, 1873, five children of his son Alexander M., and four of his daughter, Mrs. Stevenson, survived him, all of whom were infants under the age of fourteen years. About two years after the testator's death another child was born to Alexander M.

*Richard O'Gorman*, for the appellant. A trust estate was created by the will of the testator, and not a power in trust. (*Millar* v. *Emans*, 19 N. Y., 384; 1 R. S., 729, § 58; *Lang* v. *Ropke*, 5 Sand., 372; *Coster* v. *Lorillard*, 14 Wend., 324.) No interest in the estate could rest in any of the beneficiaries until they came of age. (*Leming* v. *Sherratt*, 2 Hare, 14, 23; 2 Redf. on Wills, 628.)

*S. H. Lyman*, for the respondents. The power of alienation was not unduly suspended by the residuary clause of the will. (1 R. S., 723, § 15.) The estate was not devised as an entirety, but in shares. (2 Jarm. on Wills, 162; 2 Kent's Com., 351; *Savage* v. *Burnham*, 17 N. Y., 561; *Tucker* v. *Bishop*, 16 id., 402; 1 R. S., 727, § 44; *Everitt* v. *Everitt*, 29 N. Y., 72.) The phrase " survivors of them " does not imply an illegal suspension of the power of alienation. (*Moore* v. *Lyon*, 25 Wend., 119; *Livingston* v. *Green*, 52 N. Y., 124; *Weed* v. *Aldrick*, 5 N. Y. S. C., 108; *Hansford* v. *Elliot*, 9 Leigh. [79 Va.]; *Garland* v. *Thomas*, 4 B. & P., 91; *Haner* v. *Sheetz*, 2 Ben., 532.) It was the testator's intent to discharge the trust as to each share as the beneficiaries came of age respectively. (*Dubois* v. *Ray*, 35 N. Y., 162; *Barker* v. *Lea*, 1 T. & R., 413; *Gilman* v. *Reddington*, 24 N. Y., 15; *Woolidge* v. *Churchill*, 3 Bro. C. C., 465; 1 R. S., 172, § 40; id., 773, 774, 345; *Savage* v. *Burnham*, 17 N. Y., 568; *Johns* v. *Valentine*, 4 Sandf., 44; *Post* v. *Hover*, 30 Barb., 312, 323; *Fullerton* v. *Jackson*, 5 J. Ch., 278; *Williams* v. *Williams*, 4 Seld., 538; *Kane* v. *Gott*, 24

Wend., 641, 665; *Haxton* v. *Corse*, 2 Barb. Ch., 519.) It was the testator's intention to distribute his estate *per capita*, and not *per stirpes*. (*Collins* v. *Hoxie*, 9 Paige, 89; *Blacklee* v. *Webb*, 2 P. Wms., 383; *Hoppock* v. *Tucker*, 59 N. Y., 208.)

ANDREWS, J. The absolute power of alienation of the real estate, and the absolute ownership of the personal property, are not suspended by the devise of the residuary estate beyond the period allowed by law. (1 R. S., 723, § 15.) The estate vested in the trustees in separate shares for the benefit of the nine grand-children of the testator living at his death, and as to each share the trust terminates when the beneficiary arrives at the age of twenty-one years, at which time it is to be paid over and conveyed to the beneficiary as his or her absolute property.

That this is the legal construction of the devise is, we think, beyond question. The words of survivorship in the residuary clause refer to the death of the testator, and designate the grand-children then surviving as then entitled to take under the devise. This is the settled interpretation of clauses of survivorship in wills, and is only departed from when it manifestly appears that the words refer to some other event than the death of the testator. (*Moore* v. *Lyons*, 25 Wend., 119; *Livingston* v. *Greene*, 52 N. Y., 118; *Embury* v. *Sheldon*, 68 N. Y., 227.) This construction is in accordance with the general policy of the law, which favors the vesting of estates and certainty in respect to the ownership of property, and it prevents the disinheritance of the issue of remainderman, who may happen to die before the termination of the precedent estate; a consequence which cannot be supposed, in the absence of express words, to have been intended by the testator.

The intent of the testator in the will in question to devise the residuary estate to his grand-children in shares, and not as an entirety, thereby creating a tenancy in common, and not a joint tenancy, is denoted by the use of terms appro-

priate to create a tenancy in common. (2 Jar. on Wills, 142.) The residuary estate is devised to the trustees in trust for the grand-children "share and share alike," and is "to be paid and conveyed to each of said children respectively, as they each, become of age, in equal shares." This language clearly creates a tenancy in common, without the aid of the statute provision upon the subject. (1 R. S., 727, § 44.) The direction that "in the meantime"— *i. e.* until the termination of the trust—the income of the estate shall be applied to the support of the grand-children, under the care of the executors, is not inconsistent with an intent to devise the estate in shares. This language, in view of the other parts of the devise, may and should be applied distributively, as if it directed the income of each share to be applied to the use of each beneficiary respectively. Under the will the trustees took the legal title to the residuary estate, upon separate and several trusts, in favor of each of the nine grand-children of the testator, and each of the grand-children a vested remainder in fee in his or her share expectant upon the termination of the trust at his or her majority. The trusts are not, it is true, separately framed, but the interests of the beneficiaries being given in shares, the separable and distinct character of the trust provision necessarily results. (*Savage* v. *Burnham*, 17 N. Y., 561; *Everitt* v. *Everitt*, 29 N. Y., 39.)

The sixtieth section of the statute of uses and trusts declares that every valid express trust, except as otherwise provided, shall vest the whole estate in the trustees in law and equity, subject only to the execution of the trust, and that the persons for whose benefit it is created shall take no estate or interest in the lands, but may enforce the performance of the trust in equity; but this section does not prevent a valid litmitation of a remainder to the beneficiaries of the trust, to take effect in possession upon its termination, and which shall be vested in interest at the death of the testator. The inheritance, in this case, was divided into two estates; an estate in the trustees during the minority of the grand-

children respectively, and a remainder to them in fee. The declaration in the sixtieth section, that a valid, express trust shall vest the whole estate in the trustees, and that the beneficiaries shall take no estate or interest in the lands, clearly refers, as the subsequent sections show, to the trust estate, and not to an interest in the land not embraced in the trust. This point was considered and decided by this court in *Embury* v. *Sheldon*, (68 N. Y., 227.) (See, also, *Gilman* v. *Reddington*, 24 id., 10.)

We are of opinion, therefore, that the residuary devise is valid, and that under it the power of alienation is not suspended beyond the minority of a beneficiary. If any grandchild should die during minority, the share of the one so dying would be liberated from the trust and pass absolutely, the real estate to his heirs and the personal property to his personal representatives.

The testator, when the will was made, had nine grandchildren; four the issue of a deceased daughter, and five the issue of his son, who survived him; and a question arises whether the distribution between them is to be *per stirpes* or *per capita*. We concur in the opinion of DAVIS, P. J., upon this point. The language of the will points to a distribution *per capita*, and the authorities seem to be decisive in favor of that construction. (*Blacklee* v. *Webb*, 2 P. Wms., 383; *Collins* v. *Hoxie*, 9 Paige, 89; *Clark* v. *Lynch*, 46 Barb., 68.)

The devise here being to a class to take effect in enjoyment at a future time, the child of Alexander M. Lesley, born subsequent to the death of the testator, and before the time for the distribution of any part of the *corpus* of the estate has arrived, is entitled to a share therein. (*Tucker* v. *Bishop*, 16 N. Y., 402; *Teed* v. *Morton*, 60 id., 506; *Johnson* v. *Valentine*, 4 Sand., 37; 3 Wash. on Real Prop., 511.)

The judgment below should be modified by inserting a provision adjudging the right of children of the testator's son, Alexander M. Lesley, born before the time for distribu-

tion, to share in the estate; and, as so modified, should be affirmed.

All concur.

Judgment accordingly.