<hr/>

KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.— February, 1885.

MORGAN *v.* PETTIT.

*In the matter of the judicial settlement of the account of* MARY E. MORGAN *and* STEPHEN JENNEY, JR., *as executrix and executor of the will of* JOHN LACEY, *deceased.*

Testator, by his will, provided : " On the arrival of my youngest child at lawful age, I direct that my said estate, or so much thereof as shall be remaining, be divided equally between my said wife and children." Testator left, him surviving, besides his widow, two children each of whom attained majority. Upon a judicial settlement of the executors' account, a question having arisen as to the relative rights of the three beneficiaries in the residue,—

*Held*, that the widow and children took, each, one third thereof.

CONSTRUCTION, upon judicial settlement of executors' account, of a clause in decedent's will directing the division of his estate equally between his wife, afterwards Mary E. Morgan, and children Isabella Pettit and Thomas Lacey. The facts appear in the opinion.

J. M. STEARNS, JR., *for executors.*

THE SURROGATE.—The testator, by his will provides as follows: "On the arrival of my youngest child at lawful age, I direct that my said estate, or so much thereof as shall be remaining, be divided equally between my said wife and children."

The testator left him surviving his wife and two children, both now of full age. On the final settlement of the executors' account, they ask for a construction of said clause. The question to be determined is whether the widow and children take each an equal share, or the widow one half of the residuum, and the two children the other half.

I think that the language used by the testator, to wit: "be divided equally between my said wife and *children*," must be construed to mean that his wife should take the same share in the residue of his estate as each of his said children, and no more.

In the case of Lord v. Moore (20 *Conn.*, 122), there was a bequest " to receive the income and divide the same equally between my said wife and children;" and the court held that the wife was entitled to only the same share as each of the children.

In the case of Myres v. Myres (23 *How. Pr.*, 410), there was a devise to testator's son, M., "and the heirs of my son N., and their heirs forever, to be equally divided between my son M. and the heirs of my son N.;" and the court held, that M. took the same share as each of the children of N., and that the words which are deemed to control the rule of construction in these cases are those which denote that the division is to be between or among the legatees in equal parts.

In the case of Bunner v. Storm (1 *Sandf. Ch.*, 35), there was a bequest of " one seventh of the estate, to be equally divided among testator's daughters, E., M. and C. and the heirs of a deceased daughter, H.;" and the court held that, upon the force of the words " equally divided," each child of the deceased daughter, H., took the same share as E., M. and C.   The same construction was given in Collins v. Hoxie (9 *Paige*, 81); Murphy v. Harvey (4 *Edw.*, 131); Lee v. Lee (39 *Barb.*, 172); Blackler v. Webb (2 *Pierre Williams*, 384); Dowding v. Smith (3 *Beavans*, 541). I am, therefore, of the opinion that the widow and each of the children take one third of the property remaining in the hands of. the executors undistributed.

Decreed accordingly.