CHARLES B. GILMAN AND CAROLINE R. GARCZYNSKI, RESPONDENTS, v. A. AUGUSTUS HEALY, APPELLANT, IMPLEADED WITH GEORGE F. GILMAN AND OTHERS.

*A trustee purchasing an outstanding title holds it for the benefit of his* cestui que trust.

Where a party receives a conveyance of real estate upon an active trust under which he is to collect the rents and sell the lands and invest the proceeds for the benefit of the grantor and his wife during their lives, and thereafter to convey the same to the appointee of the grantor, and in case of no appointment then to his children, a tax title purchased by such trustee enures to the benefit of the beneficiaries of the trust.

The trustee, under such circumstances, cannot purchase an outstanding title or incumbrance on the estate for his exclusive benefit, but the purchase is for all the parties in interest, by whom, however, the purchaser is entitled to be reimbursed ratably.

APPEAL by the defendant, A. Augustus Healy, from parts of an interlocutory judgment, rendered at a Special Term in Kings county in an action for partition.

The title of the plaintiff to the premises in question was derived from a codicil to the will of Nathaniel Gilman. The title of the defendant, A Augustus Healy, was derived through two deeds; the first from Theophilus Gilman and wife, in 1882, and the second from Matthias W. Cole, registrar of arrears of the city of Brooklyn, in 1886 ; and the question presented by the appeal is whether the acceptance by the defendant, A. Augustus Healy, of the deed of 1882 gave him such a legal relation to the property sought to be partitioned as to entitle the plaintiff and the other parties in interest with him, on making due contribution, to the benefit of the title acquired by the defendant Healy from the registrar of arrears in 1886.

*Jay, Candler & Brush,* for the appellant.

*James A. Hudson,* for Gilman, respondent.

*Raphael Moses, Jr.,* for Garczynski, respondent.

BARNARD, P. J. :

The principal question in this case is as to the validity of a deed from the registrar of arrears of the city of Brooklyn to A. Augustus

Healy, covering the lands sought to be sold in partition. The evi dence shows that the land originally belonged to one Nathaniel Gilman, who died in 1859, leaving a will and codicil by which he gave to his wife and children a right of occupancy in the premises during her widowhood. The widow and certain of the children availed themselves of this right to occupy and live on the premises from testator's death until the death of the widow in 1880. One of these children was Theophilus Gilman. Those who occupied were, by the terms of the will, bound to pay the taxes and keep the premises in repair. The remainder in these lands was given to seven children and their representatives. Among these children entitled to the remainder was Theophilus Gilman. Prior to the widow's death, six years' taxes and water rates were supposed to remain unpaid. Theophilus Gilman occupied the premises exclusively from the spring of 1883 to the spring of 1885. The rental value of the property is proven to be $1,000 a year. Theophilus Gilman and wife conveyed his interest in the premises in June. 1882, to three trustees, of whom the defendant A. Augustus Healy was one. The trust was an active trust. The deed authorized the trustees to take possession of the land, and to collect the rents and to sell the lands and invest the proceeds. The beneficiaries were : First, Theophilus Gilman's wife; second, Theophilus himself; third, the trustees were to convey the property, after the death of both of these, to the appointee of Theophilus Gilman, and if there was no appointee then to the children of Theophilus Gilman.

Such being the state of the title, the city of Brooklyn sold the land for unpaid taxes, and A. Augustus Healy bought the same in his own name. He admits that this purchase must be held subject to the rights of Theophilus Gilman and wife, but as against the other owners he claims the deed to be good. It seems clear that the trustees of Theophilus Gilman became, by the deed of trust, tenants in common in the lands with the other owners. The case is not one which is embraced within the principle held in *Stevenson* v. *Lester* (70 N. Y., 512). There a remainder was devised which was outside of the trust entirely. In this case it is clear that the entire title passed as between the parties to the trust, and thereby the trustees became the owners of the land, and were bound by all the obligations under which the land was placed by the will. The

trust deed, in terms, imposed the duty upon the trustees of paying all necessary and proper expenses upon the land. Theophilus Gilman, at the time of the trust deed, was bound to pay his share of these taxes, under the special direction in the will, and as one of the tenants in common. One tenant in common cannot purchase an outstanding title or incumbrance on the joint estate for his exclusive benefit and use it against his co-tenants. The purchase is for all and the purchaser is to be reimbursed ratably. (*Van Horne* v. *Fonda*, 5 Johns. Ch., 389; *Burhans* v. *Van Zandt*, 7 N. Y. [3 Seld.], 523.)

If this conclusion be right, the right to redeem within a year has no application. The title never vested in the purchaser as against his co-owners. It was a purchase for them and not against them. The decree protects the holder of the tax title. He will be paid back his money upon equitable principles.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed with costs.