CHARLES B. GRAVES *v.* AUGUSTA C. GRAVES, INDIVIDUALLY AND AS EXECUTRIX, AND JOHN C. GRAVES, AS EXECUTOR OF THE WILL OF CAROLINE C. MOORE, DECEASED.

*Will — when a mother and each of several children take equal shares under a gift to them of the residue of an estate.*

The testatrix, by her will, provided as follows: "I do give, devise and bequeath, all the rest, residue and remainder of my property and estate, both real, personal and mixed, of every name and nature, and wherever situate, to my adopted daughter, Augusta C. Graves, wife of John C. Graves, of Buffalo, New York, and to the child or children of said Augusta C. Graves, who shall be living at the time of my death, to be divided equally, share and share alike, between the said Augusta C. Graves and the said child or children."

*Held,* that each of the children of Mrs. Graves took a share of the residue equal to that of its mother.

A CASE agreed upon, in a controversy submitted without action, for the purpose of obtaining a construction upon certain provisions of the last will and testament of Caroline C. Moore, deceased.

*Henry W. Sprague,* for the plaintiff.

*Frank M. Loomis* for the defendants.

DWIGHT, J.:

The object of this submission is to obtain a judicial construction of the ninth or residuary clause of the will of Mrs. Caroline C. Moore, late of Buffalo, deceased. The defendant, Mrs. Graves, was the adopted daughter of the testatrix, and the plaintiff is the son and one of seven children of Mrs. Graves, who were living at the time of the death of Mrs. Moore.

The clause in question reads as follows: "I do give, devise and bequeath all the rest, residue and remainder of my property and estate, both real, personal and mixed, of every name and nature and wherever situate, to my adopted daughter, Augusta C. Graves (wife of John C. Graves, of Buffalo, New York), and to the child or children of said Augusta C. Graves who shall be living at the time of my death, to be divided equally, share and share alike, between the said Augusta C. Graves and the said child or children."

The question in controversy is whether the division shall be by

moieties between the mother, Mrs. Graves on the one hand, and the children, as a class, on the other hand, or in equal parts between or among the mother and the several children as individuals. We think it reasonably clear that the provision must receive the latter construction.

The question is not between a distribution *per capita* and a distribution *per stirpes*, because here is no *stirpes* or stock represented by the children, and whose share it might be supposed to have been the intention of the testatrix to give to them. In all the cases cited by the defendant, the devise or bequest was to one or more persons named, and to the children, not named, of one or more other persons, and in most of those cases the persons named and deceased parents of the classes of children, respectively, stood in the same relation to the testator. In such cases, the distinction of *per capita* and *per stirpes* may obtain, and the intention be inferred, in the absence of other indications, to give to each class of children the share which might have been that of the parent, if such parent were living, the principle followed, being, in case of doubt, to favor a construction which would distribute the gift as nearly as possible in accordance with the statute of distribution. (See *Ferrer* v. *Pyne*, 81. N. Y., 281; *Vincent* v. *Newhouse*, 83 id., 505 ; *Clark* v. *Lynch*, 46 Barb., 68.)

On the other hand, in all the cases to which we are referred or of which we have any knowledge, in which the gift has been to one person, and the children of the same person to be divided equally between them, a contrary rule has been applied, and all the beneficiaries named individually, or designated in a class as the children of one named, have taken in equal shares *per capita*.

In *Seabury* v. *Brewer* (53 Barb., 662), the provision of the will was for the appropriation of the estate equally to the benefit of the testator's wife and two children named; the court held it "very clear that the parties named take *per capita*, and not *per stirpes* ; and, therefore, each is entitled to one-third," etc.

In *Armstrong* v. *Moran* (1 Bradf., 314), the gift of a residue was to the testator's brother James, and his children, and the child of his sister Catherine, "to be equally divided between them and their heirs and assigns forever." It was held that James and each of his children took equal shares.

In *Morgan* v. *Pettit* (3 Dem., 61), the testator provided that on the arrival of his youngest child at lawful age, his estate "be divided equally between my said wife and children." The same effect was given to the provision as in the last case.

In *Lord* v. *Moore* (20 Conn., 122), and in the late case, in South Carolina, of *Durant* v. *Nash* (9 S. E. Rep., 19), the property was to be divided equally between wife and children, and in both cases it was held that the wife took only an equal share with each of the children.

Criticism is made upon the use of the word "between" and not "among," in the direction for division in the case at bar. It is true, that in very strict use of language, the preposition "between" is more properly employed where the reference is to two persons or things only; and "among," where the reference is to more than two; but the distinction is too nice to furnish a rule of construction, and it is known to all that "between" is very commonly used as synonymous with "among" in such connection. It may also be noted that in this case the gift was to Mrs. Graves and her *child or* children who should be living, etc.; so that, in one of the alternatives supposed, there would be but two to share in the division; in that case the use of the word "among" would be inappropriate. And in four of the five cases last above cited — the number of beneficiaries designated being more than two — the preposition employed was "between" and not "among."

Moreover, in the provision here in question other language was used which has been held significant of an intent to divide in equal shares among all the beneficiaries indicated. The language is "to be divided equally, share and share alike," between, etc. In *Murphy* v. *Harvey* (4 Edward's Ch., 131), it was held that "the words (to be equally divided), when applied to a gift to several persons of different degrees of consanguinity to the testator, supersede the manner of distribution which the statute of distributions has prescribed." In *Lee* v. *Lee* (39 Barb., 172), where the gift of a residue was to a brother, the children of a deceased sister, and the daughter of another brother, "in equal proportions, share and share alike," it was held that each of the nephews and nieces took an equal share with the brother named as a beneficiary; and in *Stevenson* v. *Lesley* (70 N. Y., 512), it was held that the

division should be *per capita*, and not *per stirpes*, because of the use of the words "to be equally divided" and "share and share alike." (See, also, *In re Verplanck*, 91 N. Y., 439, 444.)

We think the authorities cited, amply sustain the contention of the plaintiff to the effect that, by the terms of the provision in question, in the will of Mrs. Moore, each of the children of Mrs. Graves takes a share of the residue, equal to that of their mother.

We have considered the other and independent provisions of the will, and the facts extrinsic to the instrument, which are presented by the submission, and find in them nothing which impugns the construction which we are compelled to give to the particular provision.

Judgment accordingly should be ordered for the plaintiff.

BARKER, P. J., and MACOMBER, J., concurred.

Judgment ordered that plaintiff and the defendant, Augusta C. Graves, each takes an equal undivided eighth part of the property embraced in the ninth or residuary clause of the will.