JACOB BISSON and WIFE, Respondents, v. THE WEST SHORE RAILROAD COMPANY, Appellant, Impleaded with Others.

*Construction of a devise to a wife for life, and at her death to the testator's heirs and wife's heirs, share and share alike.*

In an action brought for the partition of certain land it appeared that the common title of the parties was derived through a will which contained the following provision: "To my said wife, Maria Bernhardina Wackerman, I give and bequeath all my real estate that I may die seized with for and during the term of her natural life, provided she, my said wife, shall remain my widow; and from and after her decease or marriage, which shall first happen, I give, devise and bequeath all my said real estate unto my heirs, and my said wife Maria Bernhardina's heirs, their heirs and assigns, forever, share and share alike."

The wife survived the testator and did not remarry; their only child had died in infancy before the testator's death, and neither the testator nor his wife left any descendants, or father or mother, but at the death of each of them there were living brothers and sisters of each, having families of children differing in numbers.

*Held*, that the apparent intention of the testator was to make but one class of beneficiaries, composed of his own and of his wife's heirs, and that they should share alike in the land; and that the devise being to a class, and the direction being that the estate should be divided equally, or share and share alike, the members of the class took *per capita*, there being nothing in the will showing a contrary intent, although they stood in different degrees of consanguinity to the testator.

That as the wife was given a life estate in the land, and survived her husband, it was a case of the postponement of the vesting in possession of a devise to a class until a period subsequent to the death of the testator, and that, therefore, every person answering the description of a member of the class, at the time fixed for the division of the estate, that is, at the death of the wife, was entitled to a share in it.

Appeal by the defendant, the West Shore Railroad Company, from a final judgment, entered in the Erie county clerk's office on the 21st day of May, 1892; and also from the interlocutory judgment, entered in said clerk's office October 19, 1891, as amended by an order entered therein on the 8th day of February, 1892.

*Charles A. Pooley*, for the appellant.

*Joshua A. Burr, Jr.*, for the respondents.

LEWIS, J.:

This action, and an action by the same plaintiffs against Chauncey M. Depew and others, were brought for the partition of certain real property in the town of Cheektowaga, county of Erie. The same question arises in both actions. The same counsel represent the parties in both actions. Louis Wackerman, the common source of title, died, possessed of the premises in question, leaving a last will and testament bearing date the 27th day of June, 1861, in which he disposes of the property in controversy by the following clause :

" To my said wife, Maria Bernhardina Wackerman, I give and bequeath all my real estate that I may die seized with, for and during the term of her natural life, provided she, my said wife, shall remain my widow, and from and after her decease or marriage, which shall first happen, I give, devise and bequeath all my said real estate unto my heirs and my said wife Maria Bernhardina's heirs, their heirs and assigns forever, share and share alike."

The testator died in the month of September, 1868. Thereafter, and on the 29th day of November, 1881, the said Maria Bernhardina died, never having married. There was never born to the said Louis and Maria any children except one son, who died in infancy, before the date of the death of his father. At the date of the death of Louis Wackerman, there was no person or persons answering the description of heirs-at-law of the said Louis Wackerman, who were also possible heirs-at-law of the said Maria Bernhardina Wackerman. Neither the said Louis Wackerman nor the said Maria left them surviving any child or children, nor descendants of deceased children, nor father, nor mother. At the date of the death of said Louis Wackerman, those persons who would then answer the description of his heirs-at-law were three brothers, seven nephews and nieces; four of said nephews and nieces were children of one of the brothers of the deceased; three nieces were children of another deceased brother. Besides these, he left no other heirs-at-law. At the date of the death of the testator, those persons who would, at that time, have answered the description of heirs-at-law of his wife, had she at that time died intestate, were three nephews and three nieces, who were children of a deceased brother; a niece, who was the child of another deceased brother of the said Maria, and whose name was Catharine Eltman, and two nephews and two nieces, who

were children of a deceased sister of the said Maria. Intermediate the time of the death of Louis Wackerman, and the death of his widow, various changes, by death and otherwise, occurred in the families of the brothers and sisters of the testator, and the families of the brothers and sister of Maria Bernhardina. But, from the view we have taken of the question involved, it is not important that the details of these changes should be stated.

Had the testator died intestate, his heirs-at-law, at the time of his death, would have been ten in number, representing five different families or stocks. At the time of the death of his wife, they would have been fourteen in number, representing four stocks. One of his brothers, during this period, having died intestate without descendants; one of his nieces had died, leaving four children. The only change that took place, during this period, in the heirs of Mrs. Wackerman, was that caused by the death of a niece, who died intestate, leaving her surviving six children. Had Maria Bernhardina died intestate, her heirs-at-law, at the time of her death, would have been sixteen in number, representing three stocks. Prior to the commencement of these actions, the heirs of Louis Wackerman and Catharine Eltman, who represented one of the three stocks of the heirs of Maria Bernhardina, conveyed all of their interests in a portion of the premises to the defendant, the West Shore Railroad Company, and they conveyed all their interests in the remaining portion of the premises, to the defendant, Chauncey M. Depew.

The actions were referred to a referee, to hear and determine, and he found, as one of his conclusions of law : " That under the last will and testament of the said Louis Wackerman, deceased, all those persons who, at the date of the termination of the particular estate thereby granted, to wit, upon the death of the said Maria Bernhardina Wackerman, his wife, would answer the description of heirs-at-law, either of the said Louis Wackerman or of the said Maria Bernhardina Wackerman, took an undivided interest in the land, as members of the same class, *per capita*, and not *per stirpes*."

The plaintiff is one of the heirs-at-law of Mrs. Wackerman. The appellants contend that the referee should have found that, under said will, one undivided half-part of the premises of which Louis Wackerman died seized, became vested *per stirpes*, and not

*per capita*, in the heirs of said Louis Wackerman, and the other undivided half, in like manner, in the heirs of his wife, and this presents the question in controversy between the parties.

The language of the bequest is, "I give, devise and bequeath all of my said real estate unto my heirs, and my said wife, Maria Bernhardina's heirs, their heirs and assigns forever, share and share alike."

We think the testator intended to make but one class composed of his own and of his wife's heirs, and intended they should share alike in the premises. The beneficiaries had equal claims, so far as appears, upon the testator's bounty, and the bounty of his wife. He clearly intended that his wife's heirs should participate equally with his own in the property. As we have seen, the families of the relatives of the testator and his wife were not composed of equal numbers of persons. Catharine Eltman was the sole representative of one of the families of Mrs. Wackerman's relatives; another family was composed of six persons. It is not at all probable that the testator intended that Catharine should receive as much as all of the six children of another family. Like illustrations appear in the families composing his own heirs. No distinction, apparently, was attempted to be made between them. His and his wife's heirs are placed upon the same basis, and are treated alike. This construction accords with the language of the will, and gives effect, we think, to the evident intention of the testator. This being a devise to a class, and the direction being that the estate shall be divided equally, or share and share alike, the members of the class take *per capita*, there being nothing in the will showing a contrary intent. And this is so, even if the devisees stand in different degrees of consanguinity to the testator. (*Myres* v. *Myres* 23 How. Pr., 410; *Stevenson* v. *Lesley*, 70 N. Y., 512; *In re Verplanck* 91 id., 439; *Graves* v. *Graves*, 55 Hun, 58; this case was affirmed in the Court of Appeals, 126 N. Y., 636.)

By this will, Mrs. Wackerman was given a life estate in the premises. She survived her husband. It was a case, therefore, of the postponement of the vesting in possession of a devise made to a class until a period subsequent to the death of the testator. In such cases, every person answering the description of a member of the class at the time fixed for the division of the estate will be entitled to a share in it. (*Teed* v. *Morton*, 60 N. Y., 506; *Stevenson* v. *Lesley*, *supra*.)

This rule was adopted by the referee in his report. We have examined the authorities referred to in the appellant's brief and think they fail to sustain their contention.

The judgment appealed from should be affirmed, with costs, against the appellant, and the same disposition should be made of the case of the plaintiffs against Chauncey M. Depew and others.

DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment appealed from affirmed, with costs, payable by the appellants.