In the construction of wills, the court must look for something which will exhibit the intention of the testator; either actually, or so suggestively as to permit it to be inferred.
If the instrument is silent as to intention and stands as a mere expression of a will, effect must be given to it according to those rules, which, from long acquiescence, have acquired the force of *Page 129 
authority. The present seems to be such a case. We are without any indication as to the intentions of the testator in making this disposition of his realty, other than in the particular clause of the will itself.
Therefore, I am the less reluctant to yield my views to those entertained by the majority of the members of this court.
Upon its face, the testamentary clause refers to two classes of heirs, and that the estate should be divided between them, giving one-half to each class, has seemed to me to be, under the circumstances, the juster disposition to make; because such an intention seems the more natural one to be attributed to the testator. This view is not without support in the cases. (Holbrook v. Harrington, 16 Gray, 102; Bassett v.Granger, 100 Mass. 348.) The clause is, however, deemed, from its peculiar arrangement, to resolve all, who would be heirs of the testator, or of his widow, at her death, into one class; to each individual of which was given an equal interest. In the absence of anything to show a contrary intention, I am obliged to admit that the language of the clause gives warrant to that conclusion. In affixing, to the gift of his estate to his heirs and his wife's heirs, the words "their heirs and assigns forever, share and share alike," the testator may be said by his language to have grouped all of the heirs in one class; the individuals of which are indistinguishable one from the other as objects of his bounty.
There being but the one class, there can be no doubt but that the division must be made per capita among the persons entitled and not per stirpes. I think the words "share and share alike" make that sufficiently clear. Such a direction cannot be distinguished, practically, from one to divide equally. (Mattison v. Tanfield, 3 Beavan, 131.)
The testator has used the word "heirs" to describe the persons who are to take and not to fix the interest which would vest in each person by virtue of his heirship, or representation of a stock — a preferable construction where the context will permit. *Page 130 
His gift is to a class, to be composed of those who are his or his wife's heirs, and the members take as purchasers and as though each had been named. The word "heirs," while generally and technically conveying the idea of representation, is not necessarily always to be understood in that sense. Though a word of limitation, it may be used, as it is here, as one of designation of the devisees, in whom at a fixed time the estate devised shall vest in possession. So, it has been held that if a bequest is made to "issue" as purchasers, all those who answer the description will take per capita; in the absence of anything to show an intention that they shall take per stirpes. (Davenport v. Hanbury, 3 Ves. 257; Leigh v. Norbury,
13 id. 340.)
Though the heirs of the testator were determinable at his death, yet the gift to them was not, by the terms of the will, to vest in possession until after the termination of the life estate given to the widow. That was the time fixed for the gift to take effect and then was the time when the persons would be ascertained, who, coming under the description of heirs of the testator, would be entitled to share with the heirs of his widow, in the distribution of the estate. Within that time the number of his heirs might be diminished by death, or increased by births. (See Stevenson v. Lesley, 70 N.Y. 512; Teed v. Morton,
60 id. 506.)
The application of the rule that the division of the estate is to be per capita, in a case where the language of the gift, like the present case, requires equality in the shares, is sanctioned by authority.
It was early held that where the subject of the testamentary gift was to be "equally divided," the persons would take percapita, among whom the division is to be made; unless a contrary intention is discoverable in the will. (Murphy v. Harvey, 4 Edw. Ch. 131; Bunner v. Storm, 1 Sandf. Ch. 357; Collins v.Hoxie, 9 Paige, 81.) In Stevenson v. Lesley (70 N.Y. 512) the testator used the words "share and share alike" and they were considered as a direction to divide per capita. In that case, Judge ANDREWS relied, as did also the *Page 131 
chancellor and the assistant vice chancellor in Collins v.Hoxie and in Brunner v. Storm, upon the decision, among others, of Chancellor KING in Blackler v. Webb (2 P. Wms. 383). That case, though the subject of much criticism, has never been rejected as an authority in this state. Its existence as a rule of construction has been recognized; but its application has been closely confined to cases where nothing in the context of the will can be referred to, to control the language of a devise or bequest, which places all the persons, who are to benefit by it, upon an equality; irrespective of their different degrees of relationship to the testator. Undoubtedly, and very justly, that rule has yielded and should yield, as it has been said, "to a very faint glimpse of a different intention in the context." (2 Jarman on Wills, 1051, and see Ferrer v. Pyne, 81 N.Y. 284;Vincent v. Newhouse, 83 id. 505; Woodward v. James,
115 id. 346.)
In Brunner v. Storm (supra) the assistant vice chancellor admitted that if certain testimony could have been received, it would be strong, if not conclusive, evidence to show that theper capita rule of division was not within the intention of the testator; but he felt compelled to attribute that intention only which the plain language of the will evidenced. In Ferrer v.Pyne and in Vincent v. Newhouse, DANFORTH, J., who delivered the opinion of the court in each case, observed that it was unnecessary to go to the length, to which some courts have gone, of rejecting the rule of Blackler v. Webb; because wherever the rule is adopted, it is also held to be governed by the context. Two cases, where the rule of division per capita
has been followed, are somewhat instructive. In Mattison v.Tanfield (3 Beav. 131), the testator devised certain real estate in trust "for the person or persons, who at the time of my decease shall be the next of kin of R.D.; * * * according to the statute made for the distribution of intestate's effects * * * as tenants in common" etc. At his death, R.D.'s descendants stood in different degrees of propinquity and the question was whether they were to take per capita or per stirpes. Lord LANGDALE, master of the rolls, stated the *Page 132 
question to be "whether the words of the will import an intention that the next of kin, though some of them derive their character as such by representation, are, nevertheless, to take percapita" and he said: "The case seems to show that the word `equally,' or the words `share and share alike,' would there have had that effect. But the gift in this case is to the persons and their heirs as tenants in common and these words are not exclusively applicable to equal interests, as the words `equally' and `share and share alike;' and there being nothing in the will to show a contrary intention, I think that the parties * * * must, under the will, take by virtue of representation." He directed the distribution, therefore, to be per stirpes. InDugdale v. Dugdale (11 Beav. 402), Lord LANGDALE applied theper capita rule in the division of a bequest; where it was to be equally divided amongst the next of kin of testator, both maternal and paternal, as should be living at the time of his death. When that event happened, there were two next of kinex-parte paterna and one ex-parte materna.
Unlike most cases, in which the question would arise, we have nothing in this will to justify us in refusing to follow the direction apparent upon the face of the clause containing the devise, and, for the reasons stated, we hold that the devise here was to a single class, consisting of all those individuals who, at the time of the death of testator's widow, would answer the description of his heirs or of her heirs, and that all such would take per capita.
The judgment appealed from, in each of these cases, should be affirmed; with costs to the respondents.
All concur.
Judgment affirmed. *Page 133