In the Matter of the Estate of ROBERT BRUNDRETT, Deceased.

Surrogate's Court, New York County, December 30, 1929.

*Samuel Riker, Jr.*, for the petitioner.

*Harold J. Baily* [*Harold J. Baily and Wayland F. Dorothy* of counsel], for Genevieve Fye Farmer and others.

*Richard Ely* [*Richard Ely* and *Harry J. Ahlheim* of counsel], for Arthur Poillon and others.

O'BRIEN, S. In this trustee's accounting several questions of construction are presented to the court for decision. The testator by the 2d and 3d paragraphs of his will provided for bequests of sums of money and jewelry to several designated beneficiaries, and then by the 4th paragraph created a trust fund out of the remainder of the estate for the benefit of his wife Ella T. Brundrett in the following language:

"*Fourth*. After payment of legacies above specified, and a proper accounting to the Court of Jurisdiction, I decree that the remaining estate shall be established as a principal Trust Fund, and hereinafter designated under that title, for the benefit and protection of my wife, Ella T. Brundrett, during her natural life-time, who in lieu of her dower right, is to be paid Five Thousand Dollars ($5,000) per year in monthly payments out of the income of the above named Principal Trust Fund. Should the income of this Fund

exceed Five Thousand Dollars ($5,000) per year, she is to be paid and receive all such additional income. If the income of this Fund should not amount to Five Thousand Dollars ($5,000) per year, I decree that the deficiency shall be paid to her out of the principal of the Trust Fund, so that in any event, her income will be at least Five Thousand Dollars ($5,000) per year during her lifetime, and in no case shall it be necessary to reimburse principal from income."

He provided by the 5th paragraph for the disposition of the remainder of this trust fund upon the death of his wife as follows:

"*Fifth.* Upon the death of my wife, I decree that the Principal Trust Fund, including interest and money on hand, shall be paid, apportioned, and distributed as follows; after allowing for necessary expenses, fees, etc.,

| | | |
|---|---|---|
| To Juliette H. Douglas, | Ten Thousand Dollars | ($10,000) |
| To Mary Dynes, | Ten Thousand Dollars | ($10,000) |
| To Ella Breneman, | Ten Thousand Dollars | ($10,000) |
| To Alexander B. Brundrett, | Ten Thousand Dollars | ($10,000) |
| To Hester V. Poillon, | Five Thousand Dollars | ($ 5,000) |
| To Janet Anderson, | Five Thousand Dollars | ($ 5,000) |
| To Adelaide Byrth, | Three Thousand Dollars | ($ 3,000) |
| To Childrens Home of Boonton, N. J., | Five Thousand Dollars | ($ 5,000) |
| To Mothers Relief Fund, Church Divine Paternity, N. Y. City, | Five Thousand Dollars | ($ 5,000) |
| To Ruth T. Douglas, | Three Thousand Dollars | ($ 3,000) |
| To Wm. Erskine Douglas, | Three Thousand Dollars | ($ 3,000) |
| To Jean Brundrett Douglas, | Five Thousand Dollars | ($ 5,000) |
| To Walter Fye, | One Thousand Dollars | ($ 1,000) |
| To Roe Fye, | One Thousand Dollars | ($ 1,000) |
| To John Harvey Fye, | One Thousand Dollars | ($ 1,000) |
| To Robert Hart Brundrett, | One Thousand Dollars | ($ 1,000) |
| To May Brundrett, | Two Thousand Dollars | ($ 2,000) |
| To George S. Thorne, | Ten Thousand Dollars | ($10,000) |

to be created as and held as a Trust Fund, the income of which is to be paid him during his lifetime and to his wife during her lifetime, should she survive him, and at their death, said Principal Trust Fund is to be reimbursed and paid back the principal of the George S. Thorne Trust Fund, together with any accrued interest."

*Testator's widow, Ella T. Brundrett, died on June 23, 1928,* and the remainder of said trust fund is to be distributed upon this trustee's accounting. The first question raised is whether this remainder interest is vested or contingent. I hold that the

remainder is vested. The law is well settled that remainders should be held to be vested unless a contrary intent of the testator is clearly indicated in the will. (*Connolly* v. *O'Brien*, 166 N. Y. 406; *Hersee* v. *Simpson*, 154 id. 496; *Cammann* v. *Bailey*, 210 id. 19.)

The words " upon the death of my wife " do not denote the time of the vesting of these remainders but indicate the date upon which they shall vest in the possession of the remaindermen. Their ultimate payment is simply held in abeyance during the life estate of the widow. (*Matter of Lamb*, 182 App. Div. 180; affd., 224 N. Y. 577.)

The second question presented relates to the secondary trust fund created by the last sentence of the 5th paragraph which provides for a secondary trust in the sum of $10,000 for the life of George S. Thorne and for the life of his wife. Inasmuch as said fund was part of the major trust fund created for the benefit of testator's widow and has been held as part of said fund during her lifetime it may not be held in trust for a term longer than the life of George S. Thorne; in other words, the trust for the additional life of George S. Thorne's wife suspends the power of alienation beyond two lives and is, therefore, void. As that $10,000 was part of the major trust fund for the benefit of the testator's widow and was held as part of that fund during her lifetime it cannot be held in trust further than during the life of George S. Thorne. The attempt to have it held in trust during the additional lifetime of the latter's widow would suspend the power of alienation beyond two lives and would, therefore, be contrary to the statute and void. I hold, however, that the provision for the last of the three life estates may be deleted from the will without destroying the trust fund for the benefit of George S. Thorne and further that the remainder should be accelerated so that upon the death of the latter distribution shall be made of this trust fund to those entitled thereto as remaindermen of the principal trust. (*Matter of Silsby*, 229 N. Y. 396; *Matter of Hitchcock*, 222 id. 57.) Paragraph 6th of the will furnishes the third question presented. It reads as follows:

" *Sixth.* I further direct that after distribution of the principal trust fund, in accordance with above instructions, the balance of estate shall be equally divided proportionately between my brothers and sisters and my wife's brothers and sisters."

*Sarah Fye, one of testator's sisters, died at a date prior to the execution of the will,* yet it is contended by her representatives that the legacy to her as one of testator's sisters is saved from lapsing by section 29 of the Decedent Estate Law (as amd. by Laws of 1912, chap. 384). I hold (1) that the language used by testator, " propor-

578

tionately between my brothers and sisters and my wife's brothers and sisters," did not include this sister who had died before the execution of the will, and (2) that even though said language be construed in its ordinary acceptation to include said sister Sarah Fye, under the authorities (a) the bequest in paragraph 6th is clearly one to a class (*Matter of King*, 200 N. Y. 189; *Matter of Kimberly*, 150 id. 90; *Matter of Baer*, 147 id. 348); (b) only those comprising the class at the time the gift takes effect can take (*Matter of Baer, supra; Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Goebel* v. *Wolff*, 113 id. 405); (c) that the remainder vested at the date of testator's death, and (d) that Sarah Fye having died previously the lapsing of her legacy is not avoided by section 29 of the Decedent Estate Law. (*Pimel* v. *Betjamin*, 183 N. Y. 194.) Proceed accordingly.