In the Matter of the Estate of HENRY C. NORTHRIP, Deceased.

Surrogate's Court, Orange County, July 29, 1938.

*Cassedy & Northrip,* for the trustee.

*Pierre A. Northrip,* for the residuary legatees.

*George B. Overhiser,* for Melvin Henry Northrip, Winifred Pearl Northrip and Henry C. Northrip, Jr.

LEMON, Special Surrogate.   The trustee under the will of Henry C. Northrip asks for a construction of the will, particularly as to the meaning and import of paragraph third thereof and the codicil thereto, in so far as it creates and bequeaths a fund of $2,000; and also for determination as to the person or persons now or hereafter entitled to said fund.

Paragraph third reads as follows: " I direct my executor and executrix, hereinafter named, to invest at interest the sum of Two Thousand Dollars, and I give and bequeath the interest or income to be derived therefrom unto my son Herbert R. Northrip for and during the term of his natural life; and at and upon his death, I give and bequeath the principal thereof, together with any accumulated interest thereon, unto Henry C. Northrip and Pearl Northrip, two of the children of said Herbert R. Northrip, or unto the survivor of them; and I direct that the same shall not be paid to them until they, or the survivor of them, shall arrive at the age of twenty-one years. In case the said Henry C. Northrip and Pearl Northrip shall both die before attaining the age of twenty-one years, then and in that event and upon the death of my said son Herbert R. Northrip, I direct that the principal of said trust fund shall be added to my residuary estate."

The codicil does not change the terms of the will in any material respect or affect the determination of the questions now presented.

Testator died in 1916, survived by his son Herbert R. Northrip, who died in 1938, but predeceased by his grandchildren, Henry C. Northrip and Pearl Northrip, mentioned in paragraph third. Pearl survived her brother Henry C., and both attained the age of twenty-one years before their respective deaths.

Pearl died without issue, but Henry C. left surviving children, to wit: Melvin Henry Northrip, Winifred Pearl Northrip and Henry C. Northrip, Jr., and said children now claim the fund of $2,000 provided for in paragraph third of the will.

Claim is also made on behalf of those interested as residuary legatees under the will that the fund should go into the residuary estate.

Both the remaindermen having died prior to testator, the legacy to Henry C. and Pearl, or to the survivor, lapses, unless it is saved by section 29 of the Decedent Estate Law, as amended, which provides as follows: " Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, or to a brother or sister of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or egacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate."

As was said in *Matter of Neydorff* (193 App. Div. 531): " This clearly was not intended as a limitation upon the right of a testator to give his property to whomsoever he might choose; it was merely intended to vest the property of the testator at his death in the

children of those who had been made the beneficiaries of a will, where no other provision was made. It was assumed that in making a gift to a parent the testator contemplated the benefit of such parent's children, in the absence of a contrary purpose being expressed, and the common law was modified to this extent in the case of gifts to the descendants of the testator or to his brothers and sisters. In other words, where the testator was providing for his immediate family — his brothers and sisters or his descendants — the Legislature presumed, in the absence of other provision, that the testator intended the gift to remain in the family of the brother or sister or his own descendants, and to this extent only is the common law limited. (*Matter of Wells*, 113 N. Y. 396.) "

I cannot agree with the contention that there is an expressed intention on the part of testator to exclude the children of Henry C. Northrip from any participation in the estate. In the absence of a contrary intent expressed in the will there is no doubt of the right of a descendant of testator to take a legacy given to such legatee by name, where the legatee predeceases the testator.

It must be presumed that the draftsman of the will was acquainted with the provisions of section 29 (*supra*), which effect a substitutionary gift to a descendant of a testamentary donee, who predeceases the testator, and that such knowledge is imputed to the testator. (*Matter of Corlies*, 150 Misc. 596, 599; affd., 242 App. Div. 703; *Matter of Jackson*, 138 Misc. 167, 170; *Matter of Dialogue*, 159 id. 18, 22, 23; *Matter of Meyer*, 162 id. 426, 428.)

The death of both Henry C. and Pearl annulled the provision for substitution in the contingency which testator foresaw in the preparation of his will. The legacy to Pearl lapsed by reason of her death without issue prior to the decease of testator. A similar situation would have arisen as to Henry C. were it not for the fact that he was survived by children who are descendants of testator. The statute should be read into the will so that it speaks as part of that instrument.

As the statute prevents the lapsing of the legacy so far as Henry C. Northrip is concerned, the conclusion follows that his children take the fund in question as descendants of testator under section 29 of the Decedent Estate Law. (*Matter of Doorley*, 137 Misc. 663.)

I so construe the will and hold that Melvin Henry Northrip, Winifred Pearl Northrip and Henry C. Northrip, Jr., children of Henry C. Northrip, deceased, are each entitled to a one-third interest in the fund in the hands of the trustee in the sum of $2,000.

Submit decree on three days' notice, or by consent.