In the Matter of the Estate of JOSEPH R. AGRELLA, Deceased.

Surrogate's Court, Kings County, November 28, 1940.

*Palmison & Pagano* [*Louis R. Pagano* of counsel], for Alexander Agrella and Louise DeLucia, administrators *c. t. a.*, petitioners.

*Frank A. Barrera*, special guardian for Gloria Gabriel, infant daughter of deceased brother.

DODD, J., Acting Surrogate. It is elementary that in any question of testamentary interpretation the object of the court is to seek to place himself in the testator's place and to endeavor to determine what he had in mind, and so far as legally permissible to effectuate it.

In the present instance he gave the property in question "to my sisters and brothers each to take an equal share" with the exception of one whose indebtedness was deducted. The will was executed on May 23, 1925. The question is accordingly what the testator had in mind on that date, when he referred to " my sisters and brothers."

On the date of execution of the will the testator had five relatives who answered to this description, namely, Jennie Franco, Vincent Agrella, Genevieve Menechino, Amelia Pagano and Alfred Agrella. A brother, Anaceleto Agrella, and a sister, Saletta Menechino, had predeceased the date of the will, the former survived by four children, and the latter by one. It is conceded in the briefs of the parties that the testator was aware of these prior deaths, indeed, it is asserted that he celebrated a requiem mass for each of them.

In view of these facts and of the limitation of the donees to " my sisters and brothers " it is obvious that the testator did not desire to benefit the descendants of the deceased brother and sister, wherefore, as to them, there is a clear indication that the provisions of section 29 of the Decedent Estate Law are inapplicable (*Matter of Brundrett*, 135 Misc. 574, 578); indeed, no one contends to the contrary.

The sole issue relates to the applicability of this section to the descendants of Alfred Agrella, who was living at the time of the execution of the will, but predeceased the testator, dying on December 2, 1938.

It has been the uniform determination that section 29 of the Decedent Estate Law creates merely an inference or " presumption " of intention on the part of a testator to benefit the descendants of a donee bearing one of the specified close relationships to him in the event of his predecease and that it is inapplicable in those instances in which the testamentary document, when read in the light of the circumstances surrounding the testator at the time of its execution, gives evidence of a contrary wish. (*Pimel* v. *Betjemann*, 183 N. Y. 194, 201; *Matter of Neydorff*, 193 App. Div. 531, 533; *Matter of Depeirris*, 110 id. 421, 423; *Matter of Northrip*, 168 Misc. 542, 544.)

In the present instance it is patent that the testator desired an equal distribution of the remainder of his estate since he said so expressly; " each to take an equal share." It is equally obvious that by this direction he did not contemplate a distribution by family groups to his brothers and sisters and the representatives of those who could not claim in their own right by reason of predecease, since he clearly excluded the representatives of Anaceleto and Saletta who had predeceased the date of the will. It must follow, as a logical matter, that what he desired was that the remainder

should be payable only to those of the specified description of " sisters and brothers " who should be living and thus able to receive their gifts when the time for beneficial enjoyment should arise, and that Alfred having predeceased this time, neither he nor his descendants are entitled to participate.

The same result is attainable by construing the remainder gift as one to a class (*Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86, 97; *Matter of Kimberly*, 150 id. 90, 93; *Matter of Russell*, 168 id. 169, 174; *Matter of Nebe*, 155 Misc. 392, 394) which would include as participants in the fund only those individuals answering to the class description who were in being at the time the gift became effective. (*Teed* v. *Morton*, 60 N. Y. 502, 506; *Bisson* v. *West Shore R. R. Co.*, 143 id. 125, 129; *Gilliam* v. *Guaranty Trust Co.*, 186 id. 127, 133; *Matter of Salomen*, 159 Misc. 379, 381; affd., 251 App. Div. 740.)

The court accordingly determines that the remainder is distributable in equal shares among those of the brothers and sisters of the testator who were living at the time of his death.

Enter decree on notice in conformity herewith.