FANNY McCOMB HERZOG, Appellant, *v.* TITLE GUARANTEE
AND TRUST COMPANY OF NEW YORK CITY et al., as Execu-
tors and Trustees under the Will· of JAMES JENNINGS
McCOMB, Deceased, et al., Respondents, and EDWARD
RAYNE HERZOG, Appellant.

1. WILL — CODICIL DECREASING LEGACY TO ONE OF TESTATOR'S
DAUGHTERS IN CASE OF A SPECIFIED MARRIAGE — SUSPENSION OF POWER
OF ALIENATION. Where a provision in a will gives to trustees the entire
residue of an estate during the lives of those two of testator's children
who, surviving him, should be the youngest at the time of his death and
directs that the trustees pay over the remainder of the income not other-
wise disposed of to his four children equally, and upon the termination
of the trust each child should be paid one-fourth of such residuary estate,
and a codicil provides that in case one of said children (a daughter, who
was not one of his two youngest children) should marry a designated per-
son, then she is to receive a specified annuity, and upon her death a certain
sum is to be divided between her surviving children, in the event of the
marriage, the only effect of the codicil is to change the amount such
daughter is to receive from the income, and her children are given a
definite sum, instead of the share of the residuary estate which she or
they would have received but for the marriage; the income and body of
the trust estate is to be divided in a different manner but through the
same trust and by the same trustees; and as they are required to retain
the title to the trust property not only during the lives of the two young-
est children, but, in addition, to retain that portion necessary to pay the
daughter the income specified for the further period of her natural life,
and upon her death to pay the sum named to her children, there is, or
might be, a suspension of the absolute power of alienation for a longer
period than two lives in being at the death of the testator, and the codicil
is void.

2. PROVISIONS OF CODICIL DO NOT CREATE A GIFT OVER TO THE
OTHER RESIDUARY LEGATEES. The claim that the codicil effected a gift to
the other residuary legatees of the daughter's share in the residuary estate
in case of her marriage, independent of the trust and uncontrolled by its
provisions and limitations, and, hence, that there was no intestacy as to
her share, cannot be sustained. At most it can only be said that the tes-
tator intended to partially disinherit her as to her share. But if such was
the intent and effect of the codicil, as there was no gift over to them, *it*
constituted a mere disinheritance without a legal gift to another, which is
insufficient to cut off the right of heirs or next of kin to inherit.

3. PROVISIONS OF CODICIL DO NOT CONSTITUTE GIFT TO A CLASS. The
contention that the gift in the residuary clause was a gift to a class, and,

consequently, the others would take the entire residue, cannot be sustained. A bequest is not a gift to a class, where, at the time of making it, the number of the donees is certain and the share each is to receive is also certain and in no way dependent for its amount upon the members who shall survive.

4. Rule That Annuities Do Not Suspend Power of Alienation Not Applicable. If the claim that an annuity does not suspend the power of alienation were sustained, it would have no effect in this case, as it is clearly apparent from the will and codicil that the testator intended that the provision for the daughter should be and remain inalienable during her life. Indeed, if that claim were applicable, it would still follow that the portion of the trust fund required to pay the $300,000 to such of her children or their issue as should survive her, would be inalienable during her life and the title would be suspended beyond the statutory limit.

*Herzog* v. *Title Guarantee & Trust Co.*, 85 App. Div. 549, reversed.

(Argued November 23, 1903; decided December 18, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 6, 1903, which modified and affirmed as modified a judgment of Special Term construing the will of James Jennings McComb, deceased.

The facts, so far as material, are stated in the opinion.

*William W. MacFarland, Robert W. B. Elliott* and *Robert L. Harrison* for plaintiff, appellant. The "ninth" clause of the "third" codicil is void for the reason that it suspends the power of alienation of the trust estate beyond the period of two lives. (*Rothschild* v. *Roux,* 78 App. Div. 282; Redf. on Wills, 263, 290; *Brant* v. *Wilson,* 8 Cow. 56; *Hard* v. *Ashley,* 117 N. Y. 606; *Smith* v. *Edwards,* 88 N. Y. 92; *Clark* v. *Cammann,* 160 N. Y. 323; *Delafield* v. *Shipman,* 103 N. Y. 463; *Matter of Baer,* 147 N. Y. 348; *Fargo* v. *Squiers,* 154 N. Y. 250; *Dougherty* v. *Thompson,* 167 N. Y. 472; *Haynes* v. *Sherman,* 117 N. Y. 433.) A declaration that the ninth clause of the third codicil is valid carries with it the necessary conclusion that the testator died intestate as to one-fourth of his residuary estate. (*Johnson* v. *Brasington,* 156 N. Y. 187; 2 Jarman on Wills [5th Am.

ed.], 368; *Floyd* v. *Barker,* 1 Paige, 480; *Beekman* v. *Bonsor,* 23 N. Y. 298; *Hard* v. *Ashley,* 117 N. Y. 606; *Betts* v. *Betts,* 4 Abb. [N. C.] 317; *Kerr* v. *Dougherty,* 79 N. Y. 327; *Matter of Wooley,* 78 App. Div. 224; *Cheslyn* v. *Creswell,* 2 Eden, 123; *Skipwith* v. *Cabell,* 19 Gratt. 788; *Ramsay* v. *Shelmerdine,* L. R. [1 Eq.] 129.)

*Edward M. Scudder* for Edward Rayne Herzog, appellant. The extended term of trust sought to be effectuated by the ninth clause of the third codicil is void, as suspending the power of alienation beyond the statutory period. (*Radley* v. *Kuhn,* 97 N. Y. 26; *Haynes* v. *Sherman,* 117 N. Y. 433; *Schettler* v. *Smith,* 41 N. Y. 328; *Knox* v. *Jones,* 47 N. Y. 389; *Hawley* v. *James,* 16 Wend. 121; *Purdy* v. *Hayt,* 92 N. Y. 446; *Matter of Baer,* 147 N. Y. 348; *Clark* v. *Cammann,* 160 N. Y. 315; *Matter of Crane,* 164 N. Y. 71.) The fact that the ninth clause of the codicil is void does not affect the validity of the fifteenth clause of the original will. (*Tilden* v. *Green,* 130 N. Y. 29; *Savage* v. *Burnham,* 17 N. Y. 561; *Harrison* v. *Harrison,* 36 N. Y. 543.)

*John Notman* for Title Guarantee and Trust Company et al., respondents. The intention of the testator was clear that in the event of his daughter Fanny marrying Mr. Louis Herzog, she should only enjoy from his estate the provision for the benefit of herself and children made in the codicil. (*N. Y. L. Ins. Co.* v. *Baker,* 165 N. Y. 484; *Matter of Hoyt* 160 N. Y. 607; *Barnett* v. *Barnett,* 30 N. J. Eq. 595.) There is no suspension of the power of alienation beyond the statutory period. (*Jessup* v. *P. M. Home,* 27 Misc. Rep. 427; *Bailey* v. *Bailey,* 97 N. Y. 460; *Corse* v. *Chapman,* 153 N. Y. 466; Chaplin on Susp. of Power of Alienation, § 233; *Lang* v. *Ropke,* 5 Sandf. 363; *O'Brien* v. *Mooney,* 12 N. Y. Super. Ct. 57; *Griffin* v. *Fork,* 14 N. Y. Super. Ct. 523; *Mason* v. *Jones,* 2 Barb. 229; 2 Sandf. Ch. 432; 2 N. Y. 327; *Hunter* v. *Hunter,* 17 Barb. 25; *Buchanan* v. *Little,* 154 N. Y. 147; *Frazier* v. *Hoquet,* 65 App. Div. 192.) The intent

of the testator must govern. (*N. Y. L. Ins. Co.* v. *Baker*, 165
N. Y. 484; *Matter of Hoyt*, 160 N. Y. 607; *Quade* v. *Bertsch*,
65 App. Div. 600; *Chwatal* v. *Schreiner*, 148 N. Y. 683.)
The intent and object of the testator are unmistakable, and
effectuate a valid disposition, not an unlawful suspension,
and the will and codicils should be so construed. (*Bailey* v.
*Bailey*, 97 N. Y. 460; *Corse* v. *Chapman*, 153 N. Y. 466;
*Lathrop* v. *Lathrop*, 41 N. Y. S. R. 404; *Case* v. *Case*, 16
Misc. Rep. 393; *Schmeig* v. *Kochersberger*, 13 Misc. Rep.
617; *Abbey* v. *Oymer*, 3 Dem. 400; *Scott* v. *Guernsey*, 48
N. Y. 106; *Mason* v. *Jones*, 2 Barb. 229; *Mason* v. *Mason*,
2 Sandf. Ch. 432; *Pond* v. *Bergh*, 10 Paige, 140.) The
legacy of $300,000 to any children of the daughter Fanny in
case she should marry Louis Herzog is an independent pro-
vision for such children. It is simply a legacy payable at a
future time. Such legacy is wholly separate and apart from
the provision for the benefit of Fanny. The persons being
entirely different, the effect of the validity of such legacy is
to be determined separately. (*Buchanan* v. *Little*, 154 N. Y.
147; *Dunham* v. *Deraismes*, 165 N. Y. 66.)

*George A. Strong* for executors and trustees, respondents.

*Robert E. Deyo* for Jennings Scott McComb, respondent.
The provision of the codicil for Fanny, in case of her marriage
to Herzog, is good as a limitation. (*Mann* v. *Jackson*, 84 Me.
400; *Heath* v. *Lewis*, 3 De G., M. & G. 954; *Bennett* v.
*Packer*, 70 Conn. 357.) James Jennings McComb did not die
intestate as to any part of his estate. Whatever was taken from
Fanny was transferred to the other children. (*Heartt* v. *Liv-
ingstone*, 14 Hun, 285; *Towne* v. *Weston*, 132 Mass. 513.)

Martin, J. This action was for the construction of the will
of James Jennings McComb who died on the thirty-first of
March, 1901, leaving a last will and testament to which there
were three codicils. Without referring to or discussing the
provisions of the will or codicils which have no necessary bear-
ing upon the question before us, we shall only call attention to

those relating to the question under consideration. The questions on this appeal involve the construction and effect of the fifteenth paragraph of the will as changed or modified by the ninth provision of the third codicil thereto.

After making many other provisions for intended recipients of his bounty, he provided for his issue, immediate and remote, by the fifteenth clause of his will. He thereby gave, devised and bequeathed all the rest, residue and remainder of his estate to his executors and trustees and their successors to hold, invest, maintain and manage during the lives of those two of his children who, surviving him, should be the youngest at the time of his death, in trust, however, and for the purpose, among others, of paying from the income of the residuary estate not otherwise disposed of the sum of six thousand dollars per annum to each of his four children, Mary Alice, Fanny Rayne, Lillie and Jennings Scott, and upon the termination of the trust to transfer and convey said residuary estate in equal parts, share and share alike, to his children above named, or to their respective heirs, legatees, devisees, next of kin, executors, administrators or assigns. The ninth clause of the third codicil was as follows : " It is my will, and I hereby direct, that in case my daugher Fanny shall marry Mr. Louis Herzog, the provision which she shall enjoy from my estate shall be as follows : An annuity of fifteen ($15,000) thousand dollars per year shall be paid to her, so long as she shall live, free and clear from any enjoyment or interference therewith on the part of her husband. Upon her death the sum of three hundred ($300,000) thousand dollars shall be divided between her children, who may survive her, and the issue of any child of hers, who may have previously died, such issue to take the parent's share. The principal so to be divided upon her death shall be three hundred ($300,000) thousand dollars." The plaintiff remained unmarried until about nine months subsequent to the death of the testator, when she was married to the Mr. Louis Herzog therein mentioned and referred to.

Upon the argument and in the briefs of counsel a number of very interesting and important questions were elaborately

and exhaustively discussed in a manner evincing great industry, research and ability upon the part of the learned counsel for the respective parties.   Many of those questions, however, we shall not discuss or determine, but will confine our examination to the question passed upon by the courts below which we think is decisive and controlling.

On the trial the learned Special Term held that the ninth clause of the third codicil, construed in connection with the fifteenth article of the will, was illegal, inoperative and void. Upon appeal to the Appellate Division that learned court held to the contrary, and reversed the judgment upon the ground that that provision of the codicil was valid.   We concur in the opinion of the learned Appellate Division so far as it states that "It was manifestly the intention of the testator to modify the third and fourth subdivisions of the fifteenth clause or article in the event that Fanny should marry Herzog, by providing that she should then receive fifteen thousand dollars per annum as a life annuity, instead of a share in the income of the residuary estate during the continuance of the trust and in the principal thereof at the termination of the trust, and that upon her death her issue should receive three hundred thousand dollars."

The will and codicil are to be taken and construed as parts of one and the same instrument, and the dispositions of the will are not to be disturbed further than are necessary to give effect to the codicil.   (*Hard* v. *Ashley*, 117 N. Y. 606 ; *Goodwin* v. *Coddington*, 154 N. Y. 283.)

Therefore, in ascertaining the effect of the ninth clause of the codicil upon the interest of the plaintiff under the fifteenth clause of the will, both instruments must be read and interpreted as one.   From them the intention of the testator must be ascertained.   The intent to be discovered is not whether he intended to make a valid disposition of his estate, but what provisions he in fact intended to make.   When that is found, it is for the court to determine whether such intended provisions are valid or otherwise.   (*Colton* v. *Fox*, 67 N. Y. 348, 351.)

The question of intent may relate to the mode of administration and the character of the gift, as well as to the amount or the person to whom it is made. The duty of the court is not to make a new will or codicil to carry out some supposed but undisclosed purpose, but to ascertain what the testator actually intended by the language employed by him when properly interpreted, and then to determine whether such intended provisions are valid or otherwise. The duty of the court is to interpret, not to construct; to construe the will and codicil, not to make new ones. (*Tilden* v. *Green*, 130 N. Y. 29, 51.)

All the valid provisions of the will for the benefit of the testator's issue, either immediate or remote, are contained in the fifteenth clause. Although as to other gifts by his will he had adopted different methods for their administration, yet, when it came to the bulk of his estate and to the provisions for his children and their issue, he plainly and purposely provided that such provisions should be administered through the instrumentality of a trust. Obviously his purpose was to suspend the power of alienation for the longest period permissible under the law. That intent he plainly and expressly states in the fifteenth clause of his will. Thus the dominant purpose of the testator, so far as gifts to his children and their issue were concerned, was to provide for the inalienability of their shares for the longest period possible. There is nothing in the ninth clause of the codicil indicating or expressing any other purpose as to the share given the plaintiff and her issue in case of her marriage to Herzog, but the provision that in that case she should receive fifteen thousand dollars a year and three hundred thousand dollars should be divided between such of her children and their issue as should survive her, discloses that the same general intent of inalienability was to be continued as to the share provided for the plaintiff by such ninth clause.

A doubt may exist as to the sufficiency of the codicil to cut down the absolute gift to the plaintiff contained in the will, by reason of the indefiniteness and uncertainty of the language

employed. The rule is that an absolute gift by a will cannot be cut down by a later provision, unless the intention to do so is expressed in language as plain, definite and certain as is used in making the original gift. (*Banzer* v. *Banzer*, 156 N. Y. 429.) We are, however, inclined to the opinion that the language of the codicil is sufficiently plain to show an intention on the part of the testator to modify his original gift to the plaintiff as to the amount of the income she should receive, between whom the remainder of the income should be divided, between whom the corpus of the fund should be ultimately divided, the proportion or amount thereof they should each receive, and the time when such division should be made as to the share going to the plaintiff and her children or their issue. Therefore, just so far as the codicil modifies or changes the provisions of the will, it should be held to be effective. (*Hard* v. *Ashley*, 117 N. Y. 606.)

In considering the effect of the codicil upon the provisions of the will to which it relates, our attention must be directed to the provisions for the disposition of that portion of the estate and the method in which it is to be administered or divided between its intended recipients. If the codicil, when construed in connection with the fifteenth clause of the will, is illegal and contrary to the law in either of those respects, it is void, and should not be given effect. After eliminating from the fifteenth clause of the will the invalid provisions therein, the testator, in effect, gave the remainder of the income from his residuary estate not specially dedicated to other purposes to his children equally, share and share alike, and upon the termination of the trust each child or her issue, successors or representatives was to be paid one-fourth of such residuary estate. This provision was not revoked, nor was it even modified by the codicil, unless a condition should arise, which might be either precedent or subsequent, and upon the happening of that condition the only modification of the gift in the fifteenth clause was to change or reduce the amount the plaintiff should receive from the income, and to give her children three hundred thousand dollars instead of the share

which she or they would have received if such condition had not arisen. In other words, by the codicil, upon the happening of the event mentioned therein, the clear and obvious intent of the testator was that the fifteenth clause should be so modified as to divide the income and *corpus* of the residuary estate among his children and their issue, successors and representatives, under the provisions of that clause, but in different proportions. No portion of the residuary estate was withdrawn from the operation of the trust, or dedicated to any purposes except those mentioned in the fifteenth clause of the will and the ninth clause of the third codicil. By such modification, upon the termination of the trust, the whole *corpus* of the residuary estate was still to be divided between his four children or their respective issue, if the condition mentioned did not arise. But if it arose, then the plaintiff was to have an annuity of fifteen thousand dollars a year so long as she lived, and upon her death three hundred thousand dollars was to be divided between her children who should survive her, including the issue of any child who should have previously died.

We think the plain and intended effect of the fifteenth clause, as modified by the ninth provision of the codicil, was to continue the trust as it stood in the will as to all of his children, unless the plaintiff should marry Herzog, in which event the amount or share of such children was to be changed so that the plaintiff and her children or grandchildren were to receive a reduced sum, and the income and body of the trust estate were to be divided in a different manner, but through the same instrumentality. The codicil contains no words of gift, provides no other method by which the fifteen thousand dollars of the income was to be paid to the plaintiff, and establishes no other fund or source from which either the income or principal was to be derived. Nor does it state by whom the three hundred thousand dollars is to be divided or in whose hands it is to remain until the time of the plaintiff's death. The whole scheme and plan of the will, except as to the portion which she and her children were to receive, are

left intact and unchanged. The only method of administration is provided by the will. The form of bequest in the fifteenth clause is by words of gift contained only in the direction to transfer and divide. The same form of bequest is contained in the ninth clause of the codicil. The effect of the codicil was not to revoke the residuary clause, interfere with the trust, or change the scheme or method provided for the administration of his estate, but simply to provide that if the condition mentioned should arise the amount should be changed as to the income, and three hundred thousand dollars of the principal, which otherwise would go to her or her children, was to be transferred to such of her children or their issue as should be living at the time of her death. Considering the situation of the testator at the time the codicil was made, his full knowledge of the whole scheme and plan of his will as to the execution of its provisions for his children with no designation of any person to carry out the provisions of the codicil and the fact that the codicil was a mere modification of the provisions of the fifteenth clause, it seems obvious that he intended to employ the same agency to accomplish the administration of the fifteenth clause as modified by the occurrence of the condition mentioned in the codicil as though that condition had not arisen.

It is likewise to be observed that the testator's entire estate, except the residuum, has been disposed of, and by the residuary clause the title to the residue of his property after paying other independent legacies was absolutely vested in the trustees for the purposes stated in the third and fourth paragraphs of the fifteenth clause of the will. Under these circumstances and in the absence of any such provision by the testator, the court cannot set apart any portion of the trust fund or of the estate for the purpose of establishing another fund for the payment of or to produce the annuity to the plaintiff during her life or from which to pay the legacies to her children or their issue at her death. The court has no power to divest the legal title of the trustees to any portion of the estate. (*Cochrane* v. *Schell*, 140 N. Y. 516, 536.) Conse-

quently, the only manner in which such annuity and legacies can be satisfied is through the trust and under the powers conferred upon the trustees by the fifteenth clause as modified by the ninth clause of the third codicil.

Moreover, if the effect of the codicil was not, as already suggested, to modify the third and fourth subdivisions of the fifteenth clause of the will, and to continue the trust for the execution of the provisions thereof as modified, then as to one-fourth of the residuary estate the testator died intestate. In other words, if the effect of the codicil was, upon the plaintiff's marriage to Herzog, to revoke the provisions contained in the fifteenth clause of the will as to the plaintiff, there being no gift over of that portion, it would not continue as a part of the residue for division among the other three children or their issue as it seems to be settled that where the disposition of an aliquot part of the residue fails from any cause, that part will not go in augmentation of the remaining parts, as a residue of residue, but will devolve as undisposed of. (1 Jarman on Wills, 764; *Morton* v. *Woodbury*, 153 N. Y. 243, 257; *Beekman* v. *Bonsor*, 23 N. Y. 298, 312; *Hard* v. *Ashley*, 117 N. Y. 606; *Kerr* v. *Dougherty*, 79 N. Y. 327, 346; *Floyd* v. *Barker*, 1 Paige Ch. 480, 482.)

It is perfectly manifest that the testator intended no such result. We think his clear purpose was to continue the trust as provided in the will and in case of the plaintiff's marriage that it should be modified as stated in the codicil, and that the residuary estate should then be divided according to that provision as thus modified through the instrumentality of the trust, and that the only intended effect of the codicil was to change the amount which was to go to each of his children by augmenting the shares given to the others except the plaintiff by the amount of the diminution of her share.

The gift to the plaintiff and her children by the codicil was not an independent or initial gift to them, but was substitutional, to take the place of the original gift which she was to enjoy in case the condition as to her marriage was not broken, and, therefore, must be construed as subject to the same con-

ditions as the former one as to the property on which they are charged or the fund out of which they are payable. (Redfield on Wills, pt. 1, p. 360, § 26 ; Theobald on Wills, p. 137 ; *Bristow* v. *Bristow*, 5 Beavan, 289 ; *Cooper* v. *Day*, 3 Mer. 154 ; *Leacroft* v. *Maynard*, 1 Ves. Jun. 279 ; *Crowder* v. *Clowes*, 2 Ves. Jun. 449 ; *Giesler* v. *Jones*, 25 Beavan, 418 ; *Fisher* v. *Brierley*, 30 Beavan, 267.)

The codicil did not operate as a revocation of the testator's previous testamentary provisions, beyond the clear import of its language, and his expressed intention to change the will in the particular mentioned by implication negatives any intention to alter it in any other respect. (*Redfield* v. *Redfield*, 126 N. Y. 466 ; *Viele* v. *Keeler*, 129 N. Y. 190.)

The contention that the gift in the residuary clause was a gift to a class, and, consequently, the brother and the two sisters of the plaintiff would take the entire residue, cannot be sustained. This gift contains none of the elements necessary to constitute such a gift. A bequest is not a gift to a class, where, at the time of making it, the number of the donees is certain and the share each is to receive is also certain and in no way dependent for its amount upon the members who shall survive. A gift to a class is a gift of an aggregate sum to a body of persons uncertain in number, at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number. (*Matter of Kimberly*, 150 N. Y. 90, 93 ; *Matter of Russell*, 168 N. Y. 169.)

The claim of the respondents that the codicil effected a gift to the brother and sisters of the plaintiff of her share in the residuary estate in case of her marriage, independent of the trust and uncontrolled by its provisions and limitations, and, hence, that there was no intestacy, cannot be sustained. At most it can only be said that the testator intended to partially disinherit her as to her share. But if such was the intent and effect of the codicil, as there was no gift over to them, it constituted a mere disinheritance without a legal gift to another,

7

which is insufficient to cut off the right of heirs or next of kin to inherit. (*Gallagher* v. *Crooks*, 132 N. Y. 338, 342.)

Assuming then, as we must, that the intention of the testator, by his codicil, in case the condition as to the plaintiff's marriage arose, was to merely modify the residuary clause by substituting the provision therein for the plaintiff and her children in lieu of the provisions for her contained in the fifteenth clause, and that that clause of the will as thus modified became a part of the trust to be administered by the trustees of the will in accordance with its provisions as thus modified, the question is presented whether the codicil then falls within the condemnation of the statute forbidding the suspension of the absolute power of alienation of real property or the absolute ownership of personal property for a period longer than during the continuance of two lives in being at the creation of the estate, or at the death of the testator. By the express provisions of section fifteen of the will the trustees were to hold the property during the lives of two of the testator's children designated, of whom the plaintiff was not one, and pay the income to his children during the continuance of the trust. That provision as modified, if valid, imposed upon the trustees the duty of continuing the trust and retaining the title to the trust property during the lives of those two children, and in addition it required them to retain the title to that portion of the trust property necessary to pay her fifteen thousand dollars a year for the further period of her natural life and upon her death to pay three hundred thousand dollars thereof to her surviving children or their issue. If this will and codicil disclose one purpose more clearly than any other, it is that it was the intention of the testator that the portion of his estate intended for his children and their issue should be held in trust and remain inalienable by them until the full end and termination of the trust term by the death of his two children by whose lives it was measured, and in case the plaintiff should marry Herzog that the share intended for her and her children should remain inalienable during the further period of her natural life. Thus it is

obvious that during the continuance of the two lives mentioned, the title to all the residuary estate was to remain in the trustees, and also that as to so much of the trust fund as was necessary to produce the portion intended for the plaintiff and her children, the title was to remain in the trustees not only during the lives mentioned, but also during the life of the plaintiff.   Consequently, there was, or might be, a suspension of the absolute power of alienation or the absolute ownership of the property for a period longer than during the continuance of two lives in being at the death of the testator.   The rule is that where, by the terms of an instrument creating an estate, there may be an unlawful suspension of the power of alienation or of the absolute ownership, the limitation is void, although it turn out by subsequent events that no actual suspension beyond the prescribed period would have taken place.   In other words, to render such future estates created by will valid, they must be so limited that in every possible contingency they will absolutely terminate within the period of two lives in being at the death of the testator, or the estate will be held void.   (*Schettler* v. *Smith*, 41 N. Y. 328; *Knox* v. *Jones*, 47 N. Y. 389, 397; *Hawley* v. *James*, 16 Wend. 121; *Purdy* v. *Hayt*, 92 N. Y. 446; *Haynes* v. *Sherman*, 117 N. Y. 433; *Dana* v. *Murray*, 122 N. Y. 604.)

That the testator intended by the ninth clause of his codicil to create a future inalienable estate during the life of the plaintiff, is shown by the fact that the only words of gift are contained in the direction to divide and transfer.   Under such circumstances the vesting in the beneficiaries will not take place or the future executory limitation take effect until such future time arrives.   (*Warner* v. *Durant*, 76 N. Y. 133, 136; *Smith* v. *Edwards*, 88 N. Y. 92, 103; *Delaney* v. *McCormack*, 88 N. Y. 174, 183; *Delafield* v. *Shipman*, 103 N. Y. 463, 467; *Shipman* v. *Rollins*, 98 N. Y. 311; *Matter of Crane*, 164 N. Y. 71; *Schlereth* v. *Schlereth*, 173 N. Y. 444.)   Hence, the title to the portion of the testator's estate mentioned in the fifteenth clause of his will from which the

plaintiff's annuity was to be paid and from which, upon her death, the three hundred thousand dollars was also to be paid, was to remain in the trustees and was inalienable for a longer period than two lives in being at the death of the testator.

It is argued by the respondents that annuities do not suspend the power of alienation, and, therefore, under the provisions of the codicil the annuity to the plaintiff is alienable. We are inclined not to agree with that proposition as applicable to this case, as it is clearly apparent from the will and codicil that the testator intended that the provision for the plaintiff should be and remain inalienable during her life. (*Cochrane* v. *Schell*, 140 N. Y. 516.) But if as to the annuity it could be so held, still as to the portion of the trust fund required to pay the three hundred thousand dollars to such of the children of the plaintiff or their issue as should survive her, it was clearly inalienable during her life and the title was suspended beyond the statutory limit.

These considerations lead us to the conclusion that the judgment of the Appellate Division should be reversed and that entered upon the decision of the Special Term affirmed, with costs to all the parties in all the courts, payable out of the residuary fund.

PARKER, Ch. J., O'BRIEN, HAIGHT, VANN, WERNER, JJ. (and GRAY, J., in result), concur.

Judgment reversed, etc.