Gould Case, maintained the contention that the defendant had waived his rights and added:

"Any other conclusion, as it seems to us, would enable a defendant, where the pleadings showed that title to real estate might come in question before a justice of the peace, to reap all the benefits of the provisions of law for removal of cases without incurring the hazards of giving the undertaking."

The conclusion is reached, therefore, that the title to real estate was never in question upon this trial, and that, even if this by any strained construction could be considered otherwise, the defendant waived the point by failure to give the undertaking required by the Code.

Some of the rulings of the justice as to the admissibility of evidence are subject to criticism, but not to the extent, it is believed, of justifying a reversal of the judgment. Upon appeals of this class the court is required to overlook technical defects and errors not materially affecting the merits, and to give judgment as the real justice of the case demands. That the plaintiff suffered serious damage to her property is beyond question, and the verdict of the jury finding the defendant responsible for the damage is warranted by the evidence. The errors in the record did not, in the opinion of the court, materially affect the merits of the controversy. The jury rendered a reasonable and not an excessive verdict, and apparently no just reason exists for disturbing the judgment which has been rendered in favor of the plaintiff.

Judgment affirmed, with costs.

---

(69 Misc. Rep. 141.)

In re KINGS COUNTY TRUST CO.

(Surrogate's Court, Kings County. September, 1910.)

WILLS (§ 858*)—CONSTRUCTION—DEATH OF BENEFICIARY.

Where testator gave two-thirds of his residuary estate to A., and the other one-third to B., and B. died before testator, his share does not pass to A. under the will, but remains undisposed of by the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2173–2183; Dec. Dig. § 858.*]

In the matter of the settlement of the account of the Kings County Trust Company, executor. Motion to open and modify a decree. Denied.

Gillespie & O'Connor, for Tyndall.

James S. McDonogh, for respondent Dunn.

Edward R. O'Malley, Atty. Gen., for respondent State Treasurer.

George V. Brower, for Kings County Trust Co.

J. Harry Snook, special guardian.

KETCHAM, S. This is a motion to open and modify a decree upon accounting, made on September 26, 1907, upon the ground that a portion of the estate was disposed of upon an erroneous construction of the decedent's will. If there was any mistake in the respect

alleged, it was a judicial mistake, to be redressed only by appeal. But, whether the motion be dismissed or entertained, the result must be the same.

The will contained a residuary gift as follows:

"Two-thirds thereof unto Mistress S. Tyndall. * * * The other one-third thereof unto Ellen McGuirk."

The Ellen McGuirk named in the will died before the death of the testator. The decree proceeded upon the theory that as to the one-third which would have gone to Ellen McGuirk, if she had survived the testator, there was intestacy. It is now argued that, upon the failure of the gift of the one-third, the surviving residuary legatee, under a gift to her of two-thirds of the residue, became entitled to the whole residue; and it is sought to amend the decree accordingly. It is said to be—

"clear upon the authorities that a part of the residue, of which the disposition falls, will not accrue in augmentation of the remaining parts as a residue of a residue, but, instead of resuming the nature of residue, devolves as undisposed of." Booth v. Baptist Church, 126 N. Y. 215, 245, 28 N. E. 238, 242.

This expression of the law has been repeated and maintained since it was first used by the Master of the Rolls, in Scrymasher v. Northcote, 1 Swanst. 570. Herzog v. Title Guarantee & Trust Co., 177 N. Y. 86, 96, 69 N. E. 283, 67 L. R. A. 146. Under the rule thus defined, the decree was right, and the motion is denied.

Motion denied.