JOANNA E. BAXTER, Appellant, *v.* CATHARINE L. MAIRS, Also
Known as KATHERINE L. EVANS MAIRS, and Others, Respond-
ents, Impleaded with THE PEOPLE OF THE STATE OF NEW YORK,
Defendant.

Second Department, May 2, 1928.

**Wills — construction — will devised land on " westerly side of the road "—
land lying to west of road but abutting on another road not included
in devise — said construction aided by intent of testatrix to equalize
devises.**

Testatrix devised certain lands to the plaintiff lying on the " easterly side of the
public road," and devised other lands to one of the defendants lying on the
" westerly side of the road." The devise to the defendant does not include
lands lying to the west of the road but abutting on another road. This con-
struction is consistent with the apparent intention of the testatrix to equalize
the value of the property devised.

APPEAL by the plaintiff from a judgment of the Supreme Court,
entered in the office of the clerk of the county of Richmond on
the 24th day of February, 1927.

*Harold Swain* [*Arthur H. Indell* with him on the brief], for the
appellant.

*John McKim Minton, Jr.* [*Deacon Murphy* with him on the
brief], for the respondents.

RICH, J. This action is brought for the partition and sale of
certain real property situated at Northfield, Richmond county,
N. Y., shown on the topographical map received in evidence at
the trial. It is the claim of the plaintiff that she is the owner
in fee of an undivided one-half interest in the premises which are
marked on the topographical map as parcels 1, 2 and 3, while the
defendant Catharine L. Mairs claims title to the entire three
parcels, except a portion thereof conveyed by her to the defendant
Cortelyou. The plaintiff and the defendant Mairs are nieces of
Jane Elizabeth LaTourrette, who died on November 26, 1910,
leaving a will dated May 7, 1909, which has been duly admitted
to probate. The property in dispute being claimed by both, the
question of title presented for determination involves a construction
of this will, which, so far as is pertinent to the question presented,
provides as follows:

" I also a life right in the home stead that is now mine give to
my brother R. C. LaTourrette, but he is not to dispose of any
of the furniture or pictures during his natural life. After my
brothers death, I give to Joanna E. Baxter, the home stead and
all the land on the easterly side of the public road, leading from

Richmond to New Springville except the part hereinafter named consisting of land adjoining the school house which I give and bequeath to Thomas F. Clark. It is my request that she live here and keep a home for my brother R. C. LaTourrette, giving him every care and attention also that she keep the old horse named Jack, and my old pet mule to whom I have always promised a home as long as they live, and oxen having them well fed and cared for, for which purpose I leave her the sum of six hundred dollars annually her heirs and assigns forever, she is also to have all the contents of the house, with the exception of three embroidered pictures worked by my mother and the oil portrait of my uncle John Crocheron and my mothers old fashioned silver tea set which I give to Catharine L. Mairs. All the land on the westerly side of the road I give to my niece Catharine L. Mairs, her heirs and assigns forever leading from Richmond to New Springville, I give and bequeath to Thomas F. Clark, who has been here from a child, and who has staid with me on the farm, for his kindness and attention and regard for my comfort in sickness and health, five seven per cent bonds of the Louisville Chatanooga and St. Louis Railroad, also all that lot, piece or parcel of land adjoining St. Andrew's Church Yard at Richmond, 3rd Ward, City and State of New York, consisting of fourteen acres, more or less, on the southerly side of the Old Mill Road, also all the land adjoining the old school site the land to extend up the hill to the end of the precipice wall thence from the stake at the side of the road to the corner of land formerly owned by Mrs. Brokaw, and any right or title I may have in the school site his heirs and assigns forever. I give and bequeath to my cousin John C. Stoutenborough, his heirs and assigns, all my real estate in Elm Bluff, Dallas Co. Ala. I also leave three hundred dollars a year annually to Miss M. E. Crocheron of New Springville, after her death to go to Thomas F. Clark. The rest of my property to be equally divided between my nieces Joanna E. Baxter and Catharine L. Mairs."

There is no question that the parcels marked *4* and *5* on the topographical map passed to the defendant Mairs, parcel marked 6 to the plaintiff, and parcels marked 7 and 8 to Thomas F. Clark, but it was the contention of the defendant Mairs at the trial, and is upon this appeal, that the parcels marked 1, 2 and 3, generally known to the testatrix as the " Morgan Farm," while lying west of the New Springville road but not situated on the " westerly side of the road * * * leading from Richmond to New Springville," were nevertheless intended by the testatrix to be included in the devise to defendant Mairs, because, as I have said, they lie to the west of the road referred to. Plaintiff asserts

that under a reasonable, just and fair interpretation these parcels were intended by the testatrix to come under the operation of the residuary clause of the will, which would result in an equal division thereof between plaintiff and defendant Mairs. The learned Special Term, however, has upheld the construction contended for by the defendant Mairs, and has dismissed the complaint on the merits.

The will is in the handwriting of the testatrix. In seeking her intention, the ordinary meaning of the words should be adhered to (*Bloodgood* v. *Lewis*, 209 N. Y. 95, 100); effect should be given to all the words used by her (*Lafrinz* v. *Whitney*, 233 id. 107), and it is for this court to ascertain what the testatrix intended. (*Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86, 92.) Taking the words " *on the westerly* side " of the road in their ordinary meaning, a cursory examination of the topographical map demonstrates that by no stretch of the imagination can parcels 1, 2 and 3 be said to be " *on the westerly side* " of the Richmond Hill road, for they commence a considerable distance west and south of this road, and abut on Forest Hill road and Old Stone road. It seems clear, therefore, that testatrix meant just what she said when she devised the land on the westerly side of the New Springville road. It is also clear that testatrix never contemplated that the devise to the defendant Mairs should include the three parcels, but rather that they were to pass under the residuary clause to both plaintiff and defendant Mairs equally. This conclusion is fortified by the fact that the testatrix regarded these parcels as a separate entity, and referred to them in her discussions with her real estate broker as the " Morgan Farm," and by the further fact that there is evidence that the testatrix intended an *equal* division of her property between the plaintiff and the defendant Mairs. Parcel 6, devised to plaintiff after a life estate to the brother of testatrix, was valued at her death at about $37,000; parcels 4 and 5, devised to defendant Mairs, were valued at $33,000, while parcels 1, 2 and 3 were valued at $38,694.50. The acreage of the parcels devised as herein held is substantially the same, and with this in mind the testatrix provided for the division of the *rest* of her property *equally* between plaintiff and defendant Mairs. To impute any other intention to the testatrix does violence to the ordinary meaning of the language employed by her, and destroys the equality which she obviously intended to prevail.

It follows that the learned Special Term erred in the construction accorded the will, and that the judgment should be reversed upon the law and the facts, with costs, and judgment directed for the plaintiff, adjudging that she is the owner in fee of an undivided one-half interest in the parcels described in the complaint, with

costs. All findings inconsistent with this decision are reversed, and plaintiff's proposed findings of fact and conclusions of law found.

LAZANSKY, P. J., KAPPER, HAGARTY and CARSWELL, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and judgment directed for the plaintiff, adjudging that she is the owner in fee of an undivided one-half interest in the parcels described in the complaint, with costs. Findings of fact and conclusions of law inconsistent with this decision are reversed, and plaintiff's proposed findings of fact and conclusions of law found. Settle order on notice.