In the Matter of the Estate of SUSAN H. ACKERMAN, Deceased.
THE FIRST NATIONAL BANK OF CRANBURY, NEW JERSEY, as Administrator Pendente Lite with the Will Annexed of CHARLOTTE A. SMITH, Deceased.

Surrogate's Court, Kings County, September 22, 1930.

*Brower, Brower & Brower,* for the successor trustee.

*Thomas H. Cox,* for Joseph A. Stevenson and Helen A. Strickland, remaindermen of the trust referred to in the account of said trustee.

WINGATE, S. The problem here presented relates to the manner of distribution of the remainder of a testamentary trust created by Susan H. Ackerman, whose will was admitted to probate in this court on October 3, 1910. By the " Fourth " item of this will, testatrix directed that the residue of her estate be divided into four equal parts, one of which was given to trustees to pay the income to a niece, Charlotte A. Smith, for life. The distribution of the remainder is provided for in the following clause:

" * * * upon her decease to pay and deliver the principal thereof to such lawful issue, if any, as she may have living at that time, share and share alike, if more than one, and in case she shall not have any lawful issue living at that time, then to pay and deliver one-third part of said principal to my said sister, Hannah C. Stevenson, one-third part thereof to my said sister, Emma S. Field, and the remaining one-third part thereof to the children of my deceased brother, John W. Stevenson, namely, Charles H. Stevenson, Joseph A. Stevenson and Helen A. Strickland, share and share alike; and in case any or either of my said sisters or of the said children of my said deceased brother shall depart this life before the decease of the said Charlotte A. Smith, then the share or shares of. such of them as may have been so deceased shall go to his, her or their legal representatives according to the laws of the State of New York, relating to the distribution of the personal estates of persons dying intestate * * *."

Charlotte A. Smith died without issue on April 13, 1930.

On the facts presented, it is necessary to construe the meaning of the phrase " their legal representatives according to the laws of the State of New York, relating to the distribution of the personal estates of persons dying intestate."

Some of the parties have assumed that this phrase refers to the executors or administrators of the original legatee, but such a construction does violence to the express terms of the will, amounting, in effect, to a deletion of all the words in the clause succeeding the word " representatives." Such a proceeding is here unjustifiable. (*Matter of Kirkman,* 134 Misc. 527, 528.) All of the words in the clause can be given effect by construing the phrase as meaning those persons entitled, under *our* Statutes of Distribution, to receive intestate property, or next of kin, which is a frequently adopted alternative, as was noted by the Court of Appeals in *Griswold* v. *Sawyer* (125 N. Y. 411, at p. 413).

In *Davidson* v. *Jones* (112 App. Div. 254) the court says (at p. 257): " While technically the words ' legal representatives ' mean administrators or executors, they may refer to heirs or next of kin  *  *  *. A representative is one who stands in the place of another, of real estate, as heir, of personalty, as next of kin. He is one also who takes by representation and in wills and settlements the term representatives *and legal representation* are frequently held to mean heirs and next of kin and not executors and administrators. (*Lee* v. *Dill*, 39 Barb. 521, and cases cited.) "

In *Greenwood* v. *Holbrook* (111 N. Y. 465, 471), the court particularly notes that in the then existing Statute of Distribution, the phrase is used as meaning " lineal representatives of the children to the remotest degree, and not executors or administrators." It is noteworthy that this phrase with its attendant meaning has persisted in the statute for more than forty-two years intervening between that decision and the present day. (Dec. Est. Law, § 98, subd. 4.)

The court, therefore, determines that in the present will the phrase is intended to relate to the persons who would be entitled to take the property of the named beneficiary according to the Statutes of Distribution of the State of New York in case of the death of the named beneficiary intestate. These persons will hereinafter be referred to as next of kin, although, as will be noted, they are not all strictly within that classification.

A second consideration requiring preliminary attention is the position taken by the trustee, that because one of the named remaindermen, Emma S. Field, predeceased the testatrix, an intestacy resulted as to such remainder interest. This contention entirely loses sight of the fact that by the express terms of the will, there is a gift over of the remainder interest of Emma S. Field in the event of her death prior to that of the life tenant. The fact that she also predeceased the testatrix is quite immaterial in this connection. The only condition upon which the gift over is based is her death prior to that of Charlotte A. Smith. This condition, obviously, was fulfilled, since the whole must include all its parts. The fallacy in this position is due to the failure to distinguish this present gift to Emma S. Field, to which a conditional gift over was annexed, from the direct gift made to her earlier in the will of one-fourth of the residue to which no substitutional gift was attached. In the case of the outright gift of one-fourth, there was obviously an intestacy as to such part, but this was solely because the testatrix did not there make a substitutional gift of such interest, as she did in the case of the remainder interest here under discussion. Since, as hereinbefore

determined, this substitutional gift of a portion of the remainder of this trust was to the next of kin of Emma S. Field, the legal result is precisely the same in this connection as if such individuals had been expressly named in the will as substituted distributees.

Much of the argument in the two briefs submitted in the case is directed to the question of whether or not the bequests to the alternate named beneficiaries conditioned on the death without issue of the life tenant, were vested or contingent. These briefs, which were prepared by counsel practicing in sister States, while exhibiting earnest and careful research, demonstrate an entirely comprehensible failure of understanding of the sometimes nice distinctions between vested, contingently vested, and contingent estates under New York laws. While there is no necessity at this time for reiterating the rules and distinctions drawn by our courts in the interpretation of section 40 of the Real Property Law, which governs the question, a reference to the recent opinions of this court in *Matter of Terwilligar* (135 Misc. 170, 183, 184 and cases cited; affd., 230 App. Div. ——) and *Matter of Woodruff* (135 Misc. 203, 205, 206, 207), may, perhaps, serve somewhat to clarify the matter.

Applying the well-established rules respecting the vesting of estates, it is clear that upon the death of testatrix, one-third of the remainder became conditionally vested, or to use the equivalent phrase, " vested subject to be divested " in Hannah C. Stevenson. The conditions precedent to the absolute beneficial vesting in her of this remainder interest were two in number, *first,* that the life tenant should die without issue; and, *second,* that Hannah should herself survive the life tenant. If Charlotte, the life tenant, gave birth to issue, this would serve to divest the contingently vested estate. (*Matter of Allison,* 53 Misc. 222; affd., 122 App. Div. 898; affd., 194 N. Y. 540.) On the other hand, the absolute beneficial interest in Hannah was, by the terms of the will, to terminate if she predeceased Charlotte, since in that eventuality, testatrix expressly directed that this one-third interest should go to Hannah's next of kin, who, under such circumstances, would take, not through Hannah, but because they belonged to the class to which the substitutional gift was made by the testatrix herself. The fact that such gift was to Hannah's next of kin was immaterial for any purpose except as identifying the individuals to whom such remainder interest should pass in the event that Charlotte died without issue and Hannah predeceased her.

This substitutional gift was unquestionably a gift to a class within the accepted definition of such a benefaction contained in the opinion of the Court of Appeals in *Herzog* v. *Title Guarantee*

& *Trust Co.* (177 N. Y. 86, at p. 97): " A gift to a class is a gift of an aggregate sum to a body of persons uncertain in number, at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number. (*Matter of Kimberly*, 150 N. Y. 90, 93; *Matter of Russell*, 168 N. Y. 169.) "

The next question for decision concerns the time as of which the membership in this class is to be determined. The rule in this respect was enunciated in the comparatively early case of *Teed* v. *Morton* (60 N. Y. 502, 506) that " legacies given to a class of persons vest in those who answer the description and are capable of taking at the time of distribution."

In *Bisson* v. *W. S. R. R. Co.* (143 N. Y. 125) the court says (at p. 130): " Though the heirs of the testator were determinable at his death, yet the gift to them was not, by the terms of the will, to vest in possession until after the termination of the life estate given to the widow. That was the time fixed for the gift to take effect and then was the time when the persons would be ascertained, who, coming under the description of heirs of the testator, would be entitled to share with the heirs of his widow, in the distribution of the estate. Within that time the number of his heirs might be diminished by death, or increased by births."

To like effect see *Matter of Allen* (151 N. Y. 243, 247); *Delaney* v. *McCormack* (88 id. 174, 183); *Matter of Leonard* (218 id. 513, 521); *United States Trust Co. of N. Y.* v. *Nathan* (196 App. Div. 126, 130; affd., 233 N. Y. 505); *Metropolitan Trust Co.* v. *Krans* (186 App. Div. 368, 376); *Gilliam* v. *Guaranty Trust Co.* (186 N. Y. 127, 133); *Matter of Canfield* (136 Misc. 551, 554).

It follows, therefore, that the persons who are entitled by substitution to participate in the distribution of the share of Hannah are those who composed the class of those designated by our statutes to receive her property in case she died intestate, who were living at the time of the death of the life tenant, Charlotte A. Smith. By a parity of reasoning, the same applies to the distribution of the one-third remainder interest originally intended for Emma S. Field, the only substantial distinction between the operation of the two interests being that because Emma predeceased the testatrix she never received a contingently vested third interest in the remainder, as did Hannah, this interest being contingently vested in her then living next of kin.

Charles H. Stevenson died on November 5, 1926, leaving a widow, Jeane Stevenson, and a son, John Raymond Stevenson.

The latter predeceased the life tenant, leaving no descendants. Charles' widow survived the life tenant, Charlotte A. Smith.

At the death of the life tenant the sole surviving next of kin of Hannah C. Stevenson and Emma S. Field were Joseph A. Stevenson and Helen A. Strickland.

It follows, therefore, that Joseph A. Stevenson and Helen A. Strickland are entitled to receive the distributive shares of the remainder interests to which Hannah and Emma would have been entitled had they lived (Dec. Est. Law, § 98, subds. 5, 10), by reason of the fact that they are the only ones living included in the class to which the substitutional gift was made by the testatrix. They are, of course, also entitled, respectively, to the remainder interests expressly allotted to them by name under the will.

The distribution of the share which would have passed to Charles H. Stevenson under the express terms of the will had he survived the life tenant, is regulated by subdivision 3 of section 98 of the Decedent Estate Law, in view of the fact that the reference to persons who " legally represent " deceased children, contained in subdivisions 1, 2 and 4 of this section, has been authoritatively construed to mean " lineal representatives of the children." (*Greenwood* v. *Holbrook*, 111 N. Y. 465, 471.)

This subdivision reads:

" 3. If the deceased leaves a widow, and no descendant, parent, brother or sister, nephew or niece, the widow shall be entitled to the whole surplus; but if there be a brother or sister, nephew or niece, and no descendant or parent, the widow shall be entitled to one-half of the surplus as above provided, and to the whole of the residue if it does not exceed two thousand dollars; if the residue exceeds that sum, she shall receive in addition to the one-half, two thousand dollars; and the remainder shall be distributed to the brothers and sisters and their representatives."

In the determination of the rights of the widow in this one-ninth remainder interest, it is to be noted that its face total, even without deductions for administrative expenses, is considerably less than $2,000, and, therefore, the court is of the opinion that she should receive such entire one-ninth. The gift by the testatrix is a direct gift to Jeane in like manner as if she were specifically designated in the will. The subject-matter of the gift does not pass through and never formed a part of the estate of her deceased husband. It would, therefore, be improper to take into consideration the amounts, if any, which she received from the distribution of his estate in determining her rights to this direct benefaction. The effect of the testamentary direction in this will was in effect to incorporate by reference the applicable subsections of our Statute of

Distribution into the will of Susan H. Ackerman, and this subdivision directs that on the facts of survivorship here existing, the widow of Charles shall take all, if the sum does not exceed $2,000. It is interesting to note that in practical effect, the result is the same as would have resulted had Jeane's son lived a few months longer and thus survived the life tenant, although the result in such case would have been obtained by the joint operation of subsections 1 and 8.

The final result is that four-ninths of the distributable remainder is payable to Joseph A. Stevenson, a like sum to Helen S. Strickland, and one-ninth to Jeane Stevenson.

Proceed accordingly.