## In the Matter of the Estate of METHA RIECKE, Deceased.

Surrogate's Court, Kings County, December 20, 1937.

*Rabe, Keller & Davis*, for Annie Tiencken and Henriette Meyer, as surviving trustees, accountants.

*Cullen & Dykman* [*Lyman Sessen* of counsel], for the Brooklyn Trust Company, as committee for Clarence T. Riecke, incompetent.

*Harold C. Knapp*, for The Marine Midland Trust Company of New York, committee for Edith L. Riecke, incompetent.

*Andrew P. Backus*, for Marion F. Backus, as executrix of John D. C. Riecke, deceased trustee.

WINGATE, S. The question of testamentary interpretation here propounded concerns the devolutionary effect of the remainder gift of a trust erected by the second item of the will, of which testatrix's daughter, Edith, who is still living, is the life beneficiary. The pertinent language reads: " Upon the death of my said daughter Edith L. Riecke I give and devise said house and premises, or the proceeds of sale, if the house has been sold in her lifetime, to my two sons and to my daughter Minnie A. A. Riecke, to them, their heirs and assigns, forever, absolute, if then living, or to their issue, if not living, in equal shares, *per stirpes* and not *per capita.*"

At the time of the execution of the instrument the testatrix had two daughters, Edith and Minnie, both of whom are named in this clause, and two sons, Clarence and John. Minnie predeceased the testatrix, unmarried and without issue. John survived the testatrix, but has now predeceased the life beneficiary. He left no issue. Clarence and Edith are still living and the former has a daughter, Marjorie.

The present controversy primarily concerns the rights, if any, of John's estate to receive a distributive share in the remainder upon the death of Edith under the foregoing language, it being the contention of his executrix that he was given a vested share in the remainder.

The court is unable thus to interpret the intention of the testatrix as disclosed in the language employed. Divested of considerations which are presently immaterial, her direction was " upon the death of * * * Edith, I give " *pro rata* shares in the principal to John, Clarence and Minnie, absolutely, " *if then living,* or to their issue, if not living." (Italics not in original.)

The word " then " in the italicized quotation can on ordinary principles of syntax refer only to the time of the possessory effectuation of the gift, as previously stated, namely, " upon the death of Edith." It is, therefore, a condition imposed upon the effectiveness of the gift itself and not merely upon the time of possessory enjoyment thereof, which, having failed of fulfillment, voids the entire bequest so far as John is concerned.

This interpretation is further emphasized by the succeeding words which effect a substitutionary gift to the issue of John in the event of the failure of the primary one. (*Matter of Tamargo*, 220 N. Y. 225, 229; *Wright* v. *Trustees of Methodist Episcopal Church*, 1 Hoff. Ch. 202, 212; *Low* v. *Harmony*, 72 N. Y. 408, 414; *Matter of Evans*, 234 id. 42, 45; *Waxson Realty Corp.* v. *Rothschild*, 255 id. 332, 337; *Matter of Meahl*, 241 App. Div. 333, 335.)

A final consideration tending to the same result may be based on the fact that the language of the will as a whole, and of this

clause in particular, demonstrates that it was the product of an experienced draftsman concerning whom there is some inference of acquaintance with the law. This is evidenced, *inter alia*, by his employment of the phrase, " to them, their heirs and assigns, forever, absolute " which was the ancient method of designating a conveyance of an estate in fee (*Guernsey* v. *Guernsey*, 36 N. Y. 266, 267), and, at present, is a somewhat extreme example of the " lawyerlike fondness for using several words where one is sufficient." (*Matter of Clark*, 62 Hun. 275, 282; *Matter of Eger*, 139 Misc. 59, 63; *Matter of Denari*, 165 id. 450, 452.)

It must accordingly be presumed that the draftsman was acquainted with the provisions of section 29 of the Decedent Estate Law which effect a substitutionary gift to a descendant of a testamentary donee who predeceases the testator. This knowledge is, of course, imputed to the testatrix. (*Matter of Corlies*, 150 Misc. 596, 599; affd., 242 App. Div. 703; *Matter of Jackson*, 138 Misc. 167, 170; *Matter of Dialogue*, 159 id. 18, 22, 23; *Matter of Meyer*, 162 id. 426, 428.) If, therefore, the italicized words " if then living " could, by any stretch of the imagination, be capable of interpretation as referring to the death of the testatrix, the succeeding sixteen words of the item would become superfluous and redundant, adding nothing whatsoever to what the law itself provides. This denial of any operative effect to these words which may be validated by the adoption of the alternate interpretation, would be in violation of one of the most fundamental canons of testamentary and documentary construction, which requires that where at all possible, every word be given an active meaning. (*Matter of Buechner*, 226 N. Y. 440, 443; *Fleischman* v. *Furgueson*, 223 id. 235, 239: *Adams* v. *Massey*, 184 id. 62, 69: *Matter of Bates*, 152 Misc. 627, 629.)

The foregoing considerations render the conclusion inescapable that the gift to John under the second item of the will was only contingently vested, the condition precedent to absolute vesting being that he must survive Edith. This has not occurred, wherefore he can take nothing by virtue of the gift in this item. Since he left no issue, the contingent gift over to them is also inoperative.

The gift of the remainder was, however, contingently made to testatrix's two sons, John and Clarence, and her daughter Minnie. No provision for survivorship rights was inserted and it was not a class gift (*Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86, 97; *Matter of Kimberly*, 150 id. 90, 93; *Matter of Russell*, 168 id. 169, 174; *Matter of Ackerman*, 137 Misc. 910, 915; *Matter of Nebe*, 155 id. 392, 394), but to three definitely named or identified persons, wherefore the benefit provided for each was one-third thereof.

As to the shares of John and Minnie, there has been a complete failure of effective disposition so far as the provisions of item second are concerned by reason of their failure of compliance with the conditional limitation upon their gifts, that they be living at the death of Edith. It follows that the two one-third parts of this remainder which have failed of valid disposition in item second must devolve pursuant to item fourth of the will which constitutes the residuary disposal.

This court has heretofore determined that the interests of John, Clarence and Edith under this residuary gift vested as of the date of the death of the decedent; it follows, therefore, that if Clarence survives Edith, he will be entitled to one-third of the remainder of the trust erected by the second item. If he predeceases her and leaves any issue who survive her, they will be entitled to the share, *per stirpes*, which he would have received if he had survived. The balance of the remainder in such contingency and the whole thereof if neither Clarence nor any of his issue survive Edith, will devolve in equal shares to the estates of John and Edith and to Clarence if he be living or to his estate if he be dead.

Enter decree on notice in conformity herewith.