Anthony P. Savabese, S.
Paragraph fourth of testator’s will as far as pertinent to this proceeding, provides as follows:
“ All the rest, residue and remainder of my property, both real and personal, wheresoever situate, including all property over which I shall have any power of appointment or disposition which I shall not have otherwise exercised or released, I do devise and bequeath to my trustees in trust to have, hold, possess, manage, invest and reinvest the same, to collect the income thereof and to dispose of the income and principal thereof as follows:
*338 “A. If both my son Ralph and my daughter Mary Breoht survive me, so long as the survivor of my son Ralph and my daughter Mary shall live pay the net income thereof up to but not exceeding Eighteen hundred and twenty ($1820.) Dollars in any calendar year or apply such income for the support of my son William if he also survive me. If the net income of this trust payable to or for the support of William amounts to less than Eighteen hundred twenty ($1820.) Dollars in any calendar year, then I direct that my trustees pay to William at such time or times as my trustees deem proper sufficient moneys out of the principal of this trust so that for each calendar year of the continuance of this trust William shall receive or there shall be paid for his support the sum of Eighteen hundred twenty ($1820.) Dollars, per calendar year. If at any time during the continuance of this trust the periodic income and principal payments hereinbefore provided shall be payable to or for William and William shall be employed and receiving compensation, then so long as William is so employed and receiving compensation, such periodic income and principal payments shall be limited to the deficiency, if any, of William’s annual compensation in his employment under Eighteen hundred twenty Dollars. If William’s annual compensation shall equal or exceed Eighteen hundred twenty dollars in any calendar year during the continuance of the trust, then for such calendar year none of such periodic payments of income or principal shall be made to him or for his support. If William shall require surgical, unusual medical treatment, hospitalization or maintenance or confinement in home or institution, then I direct my trustees to pay such surgical, unusual medical, hospital, maintenance and/or confinement bills out of the principal of this trust to the extent that the periodic payments of income and of principal hereinabove directed are inadequate to pay such bills. Pay the balance of such net income, if any, and all thereof if the aforesaid periodic income payments to or for William are not required under the foregoing provisions, to my son Ralph and my daughter Mary Brecht in equal shares, or to the survivor of them, provided that the issue of Ralph and/or Mary shall receive per stirpes the income share of their parent if Ralph or Mary predecease me or die during this trust. If Mary predecease me or die during the continuance of this trust leaving Ralph surviving, I direct that the.income or portion of income thereafter payable to my son Ralph pursuant to the aforegoing provisions shall not be paid to him unless he shall take my son William into his home to there reside and that such income or portion of income shall so long as William sball live be payable to Ralph only so long as William shall reside with *339 Ralph, unless the reason for William’s failure to reside "with Ralph shall be a reason other than Ralph’s unwillingness to have William reside with him. If because of Ralph’s unwillingness to have William reside with him William shall reside with a child of mine other than Ralph, then I direct that so long as William shall reside with said other child the income or portion of income which would otherwise have been payable to Ralph pursuant to the foregoing provision shall be paid to and enjoyed by the other child with whom William shall reside so long as William shall continue to reside with such other child. If because of Ralph’s aforesaid unwillingness William shall reside elsewhere than with a child of mine, the income otherwise payable to Ralph shall be distributed as if Ralph, but not Ralph’s issue if any, predeceased me * * *. B. In the event that either my son Ralph or my daughter Mary predecease me, then the trust established by this paragraph “ Fourth ” shall continue for, and the income shall be paid pursuant to the foregoing provisions during the life of my son William and/or the life of the one of my son Ralph and my daughter Mary who survives me, and the life of the survivor of them. C. Upon the death of the survivor of my aforesaid children during whose lives this trust is to continue under the foregoing provisions my trustees shall, or upon my death if Ralph, William and Mary predecease me my executors shall, convey, transfer, deliver and pay over the principal of this trust or my estate as then constituted as follows:
“ 1. If the termination of this trust is upon the death of the survivor of Ralph and Mary and William be then surviving pay over to or apply for the support and maintenance of my son William an amount out of the then principal equal to $1,000 multiplied by the number of years in the life expectancy of a person of the then age of William as shown by the mortality or life expectancy table then used by the Metropolitan Life Insurance Company, my then acting trustee to have the power to pay such amount either directly to William or to apply the same for his support and maintenance or to pay the same to any guardian or committee of William or to pay the same to any competent adult person with whom William may then reside or to pay the same to any person, home, institution or organization who or which will assume the obligation of providing a place for William to live for the rest of his life, such powers to be exercised in my trustee’s absolute discretion which shall not be subject to review by any court, and the evidence of any such payment to be full and complete release and discharge to my trustee for the amount of such payment; or 2. If at the time of termination of this trust William be deceased pay over the principal per stirpes to *340 the then surviving issue of my son Ralph and my daughter Mary, such issue to receive per stirpes the share their parent would have taken if then surviving. * * *
“ E. If William predecease me or if William die during the continuance of this trust, then I authorize my trustees, in their absolute discretion which shall not be subject to review by any Court, at any time or times thereafter to distribute and pay over to the persons then surviving who would be entitled to receive the principal if the trust had terminated at the time of such distribution or payment, to be theirs absolutely and forever, any or all of the assets which are then a part of the trust principal other than the stock of any corporate enterprise of which I am a stockholder and officer or director at the time of my death and other than the assets, capital and/or surplus of any business in which I am engaged at the time of my death either as proprietor or partner then employed in any such business.. Such distribution and payment shall be made in such shares as would be required if the trust had terminated at the time of such distribution or payment. ’ ’
Ralph and Mary, as well as William have survived the testator. An issue has arisen as to the validity of the provisions of paragraph fourth and its various subdivisions.
Paragraph fourth does not suspend the power of alienation and the absolute ownership for more than two lives in being at the time of testator’s death. (Personal Property Law, § 11; Real Property Law, § 42.) Ralph and Mary having survived the testator, their lives are the measuring lives of this trust, as set forth in the first provision of subparagraph A. The subsequent contingent provision for distribution of income otherwise payable to Ralph, does not add William’s life as a third measuring life. From a reading of the entire will, and particularly of paragraph fourth, subparagraph A, subparagraph Cl and 2, and sub-paragraph E, as quoted above, it becomes evident that testator intended the trust to be measured only by the lives of Ralph and Mary, if both survived him, and not by the life of William. Thus, even if William should, after Mary’s death, reside with a child of testator’s other than Ralph, the trust would terminate upon Ralph’s death.
Petitioners, in urging that the trust is invalid, rely heavily on Herzog v. Title Guar. & Trust Co. (177 N. Y. 86). In that case, however, the will expressly provided for a third measuring life, upon the happening of a contingency.
A construction of subparagraph 01, concerning disposition of the possible remainder of the principal, as requested by the special guardian for the infant contingent trust income benefici *341 aides and remainderman, is not necessary at this time. The contingency under which this provision would become operative may never occur, and even if it did occur, it is uncertain whether extra funds would be available for distribution.
Submit decree construing the will accordingly, on notice.